**AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF NORTH AMERICA, LOCAL NO. 207, v. YANKWICH, District Judge.**

No. 9592.

Circuit Court of Appeals, Ninth Circuit.

Oct. 21, 1940.

Redmond S. Brennan, of Kansas City, Mo., and W. I. Gilbert, of Los Angeles, Cal., for petitioner.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner, Amalgamated Meat Cutters & Butcher Workmen of North America, Local No. 207, brought an action in the District Court of the United States for the Southern District of California against Walter P. Spreckels, individually and as Regional Director of the National Labor Relations Board. Spreckels moved to dismiss the complaint. The District Court granted the motion and rendered a final judgment dismissing the complaint without leave to amend. Thereupon the petitioner applied to this court for a writ of manda-mus directing the District Judge to set aside the judgment, take jurisdiction of the action and proceed to hear and determine the same.

Petitioner recognizes the general rule that mandamus cannot be used to perform the office of an appeal. In re Melekov, 9 Cir., 114 F.2d 727, decided September 14, 1940. Petitioner claims that, though the decision to be affected thereby is appealable, the petition presents "special circumstances" in which the writ may be invoked within the decisions in Minnesota & Ontario Paper Co. v. Molyneaux, 8 Cir., 70 F.2d 545, 546, Ex parte United States, 287 U.S. 241, 245–249, 53 S.Ct. 129, 77 L.Ed. 283.

The claimed special circumstances are (a) that the judgment of dismissal without amendment prevented the securing of an injunction against Spreckels to restrain him from using his official position to persuade members of the Amalgamated that their closed shop contract with the Cudahy Packing Company was invalid and (b) that the closed shop contract would expire in about six weeks after the filing of the petition for the writ and that its summary expedition is required if any relief is to be afforded before the contract expires.

Assuming, arguendo, that mandamus may be invoked in any case because more expeditious than appeal, in this proceeding mandate is no more expeditious than an appeal vigorously pressed by the Amalgamated. This court, with rare exceptions, sits every week in San Francisco or in Los Angeles in the months of August, September and October to dispose of just such summary matters as are claimed to exist here. The transcript of the District Court proceedings is less than 60 pages. The facilities for printing our transcripts have been increased to shorten the time of pendency of all our litigation. A vigorously expedited appeal from the judgment could have been in this court with the transcript printed and appellant's brief filed within 10 days from the entry of the District Court's judgment. The appellee, under our rule, then would have had 30 days to file his brief. This time well may have been shortened to 15 days and a typed brief as well accepted for the appeal as for the writ. The court would have the same reason for expeditious hearing and disposition of the appeal as it would for considering the granting of the extraordinary writ. The increase in the number of circuit

judges for the Ninth Circuit to seven was procured by our representations made to Congress that with that number this court could render the circuit's litigants just this sort of prompt justice.

Since in the circumstances of this case an appeal could have been disposed of in substantially the same time as, in the proceeding for the writ, process could have been issued to the District Judge, his answer made, Spreckels, the real party in interest, could have obtained his order to intervene and made his answer, and the case briefed and argued, there is no ground for the claim that any special circumstances exist for the writ's issuance. Cf. Ex parte Davis, 9 Cir., 54 F.2d 723, 724. The petition for the writ is denied.

Petition denied.