**CROWN ZELLERBACH CORPORATION et al. v. FEDERAL TRADE COMMISSION.**

No. 11371.

Circuit Court of Appeals, Ninth Circuit.

Aug. 19, 1946.

Bartley C. Crum, Philip S. Ehrlich, Albert A. Axelrod, and Ricardo J. Hecht, all of San Francisco, Cal., for petitioners.

W. T. Kelley, Chief Counsel, Walter B. Wooden, Asst. Chief Counsel and Daniel J. Murphy, Sp. Atty., all of Federal Trade Commission, all of Washington, D. C., for respondent.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On February 13, 1946, respondent (the Federal Trade Commission) issued a complaint against petitioners (Crown Zellerbach Corporation, Zellerbach Paper Company and General Paper Company) under 15 U.S.C.A. §§ 13 and 21. The complaint charged, in substance and effect, that petitioners were engaged in commerce, as de-

fined in 15 U.S.C.A. § 12, and that, in the course of such commerce, they had violated and were violating 15 U.S.C.A. § 13(f) by knowingly·inducing and receiving discriminations in price which were prohibited by 15 U.S.C.A. § 13(a).

On April 8, 1946, petitioners filed with respondent a motion to dismiss the complaint and a motion for a more definite statement or a bill of particulars and a separate statement of claimed violations. The motion to dismiss was denied without prejudice. The other motion was granted to the extent of furnishing petitioners a bill of particulars setting forth one specific transaction which, respondent claimed, was typical of the discriminations charged in the complaint. In all other respects, this motion was denied.

On April 30, 1946, petitioners filed their answer to the complaint, reserving to themselves the right to continue to urge the objections made in their motions. The case has not been heard by respondent, but is still pending.

On July 2, 1946, petitioners petitioned this court for an order requiring respondent to show cause "why this court should not issue a writ of prohibition or of mandamus, or both, or grant or give such other appropriate relief:

"(1) To restrain respondent Commission from taking any further proceedings on the complaint heretofore issued by it unless and until it amends said complaint to make it more definite and certain and furnishes to petitioners the specific information as to the time, place, manner, names of the parties to, and the circumstances of the claimed price discriminations heretofore requested by petitioners in their motions heretofore made before said Commission;

"(2) To restrain respondent Commission from asserting jurisdiction over price discriminations where none of the purchases involved therein is in 'commerce' as defined by [15 U.S.C.A. § 12], and further to restrain it from asserting jurisdiction over purchasers under [15 U.S.C.A. § 13(f)] where the claimed discrimination was not received in the course of such commerce;

"(3) To restrain respondent Commission from asserting and adjudging at the hearing of said proceeding against petitioners that it is entitled to the benefit of any presumption that [15 U.S.C.A. § 13] has been violated on mere proof by it of a price discrimination without more."

▪ We have no jurisdiction to do any of these things. We are empowered by 15 U.S.C.A. § 12 to review and enforce, set aside or modify cease and desist orders issued by respondent, but we are not here asked to exercise that power. We are here asked to restrain respondent from taking certain steps in a case wherein no cease and desist order has been issued. We are not empowered to impose such restraints. Chamber of Commerce of Minneapolis v. Federal Trade Commission, 8 Cir., 280 F. 45.

▪ We are empowered by 28 U.S.C.A. § 377 to issue all writs not specifically provided for by statute, which may be necessary for the exercise of our jurisdiction, but the writs sought here are not necessary for the exercise of our jurisdiction. Hence we are not empowered to issue them. Chamber of Commerce of Minneapolis .v. Federal Trade Commission, supra.

Contending that we have jurisdiction to grant the petition, petitioners cite McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309; Maryland v. Soper, 270 U.S. 9, 46 S. Ct. 185, 70 L.Ed. 449; Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; United States Alkali Export Ass'n v. United States 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554; Pratt v. Stout, 8 Cir., 85 F.2d 172; and American Chain & Cab. Co. v. Federal Trade Commission, 4 Cir 142 F.2d 909. None of these cases supports petitioners' contention.

Petition dismissed.