**UNITED STATES of America,
Appellant,**

v.

**John Lee HESTER, Appellee.**

**No. 18711.**

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1963.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Goodman & Hirschberg and Stephen Scott King, Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

The United States, appellant here, seeks a reversal of an order of the district court dismissing an indictment, or, in the alternative, for a writ vacating the judgment of dismissal and ordering the trial judge to reinstate the indictment and set a date for trial. The United States in effect concedes that an appeal will not lie under the Criminal Appeals Act, 18 U.S.C.A. § 3731, construed by this court in United States v. Apex Distributing Co., 9 Cir., 1959, 270 F.2d 747. Accordingly, the sole question for determination is whether the dismissal of the indictment by the district court was of "such an arbitrary and unreasonable nature" that a writ of mandamus should issue.

Appellee was indicted in Florida on January 29, 1963, on a charge that on or about November 28, 1962, he unlawfully transported a stolen automobile from California to Florida. The defendant was arrested during the last few days of November [1] and was in jail continuously from the date of his arrest until April 16, 1963, a period of four and one-half months. The record does not disclose whether he was represented by counsel at any time between his arraignment and his indictment two months later; or if not, whether he was advised of his right to counsel and right to waive prosecution by indictment and consent to the filing of an information.

On February 8, 1963, appellee filed a motion for a change of venue to the Southern District of California on the ground that appellee and all the witnesses resided in California. The motion was treated as one for transfer under Rule 21(b) and granted on the same date. On February 12, an order was entered directing the United States Marshal to "forthwith transport" appellee to the custody of the United States Marshal for the Southern District of California. Appellee was not returned to Los Angeles,

---

1. Appellee was apprehended by the Florida Highway Patrol on November 28, 1962, apparently for a traffic violation. He was taken into federal custody within a few days thereafter.

however, until the latter part of March or the fore part of April.

On April 8, 1963, appellee's case was set for trial before the Honorable William C. Mathes on April 16. On April 15, appellee appeared with his court-appointed counsel before Judge Mathes and was permitted to withdraw his plea of not guilty and enter a plea of guilty.

Following a plea of guilty, the court inquired regarding appellee's prior record and was advised by the Assistant United States Attorney that there was no record of any prior convictions. Inquiry was made regarding the length of time defendant had been in jail and the reasons therefor. Judge Mathes commented, "Well, the delay hasn't been here."

After brief statements by appellee, his counsel, and the Assistant United States Attorney with respect to the alleged offense, Judge Mathes referred to a similar case he had heard with a jury, which resulted in an acquittal, and he suggested that appellee "might want to consider, in the light of that case, whether he would want to stand trial or not and take his chances". Following a brief recess, the following occurred:

"THE COURT: Does he feel he wants to stand on the plea he has entered?

"MR. KING (counsel for defendant): Well, our position is the same as it was before. Unless the court has a contrary feeling—

"THE COURT: Well, unless the defendant for some reason protests, I will reject his plea of guilty and vacate the order directing the clerk to enter it, and direct the clerk to enter his plea of not guilty. So, that will be the order."

Counsel for defendant indicated that he was ready for trial, but counsel for the United States stated that the Government was not ready for the reason that the necessary witnesses were not then available. The court decided that the case would be tried on the following day, saying, "I don't like to put the Government in that position, but probably that is a very just position to put the Government in."

On the following day the Assistant United States Attorney filed a formal motion for a one-week continuance, his supporting affidavit reciting that he had been advised by the attorney for the defendant on April 12 that the defendant intended to change his plea to guilty, whereupon the Government's subpoenas were recalled; that after the plea of not guilty was entered on April 15, the Government was unable to obtain the presence of necessary witnesses and was unable to go to trial on April 16.

In denying the motion the court said:

"Of course, in view of what occurred yesterday, gentlemen, I know something about the Government's case here. Without reviewing all of those matters which you said yesterday, and in the light of it, I think in the interest of justice the defendant is entitled to his Sixth Amendment right to a speedy and public trial;[2] and as he insists on the date now set—which I shall rule to be right now—I will deny the motion."

The court then granted defendant's motion dismissing the indictment for want of prosecution.

█ The Government's method of obtaining a review by application for a writ of mandamus is an available remedy in an appropriate case. United States v. Lane, 9 Cir. 1960, 284 F.2d 935, 938.

2. The Sixth Amendment of the United States Constitution provides:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense."

Writs have been granted directing a district court to annul an invalid order suspending sentence (Ex Parte United States, 1916, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129); to set aside an order denying issuance of a bench warrant from an indictment fair on its face, which should have been issued "as a matter of course" (Ex Parte United States, 1932, 287 U.S. 241, 249, 53 S.Ct. 129, 77 L.Ed. 283); to correct an illegal sentence (United States v. Lane, supra); to vacate a judgment of acquittal where the district court had no power or jurisdiction to enter the judgment (In Re United States, 1 Cir. 1961, 286 F.2d 556, 565); to allow subpoenas to bring requested records before a grand jury, the trial court having "taken the action complained of merely because of an erroneous view of the law applicable * * *" (United States v. United States District Court, 4 Cir. 1956, 238 F.2d 713, 723). It will be noted that these cases involve primarily actions in excess of jurisdiction or refusal to exercise jurisdiction, rather than an abuse of discretion.

■■ In any event, "A writ of mandamus directing a court to do some act is an extraordinary remedy and is properly issued only when the lower court clearly acts in excess of its jurisdiction, abuses its jurisdiction, or refuses to exercise it. * * * Rarely should a writ of mandamus be issued." Frost v. Yankwich, 9 Cir. 1958, 254 F.2d 633,.637. Nor is this court concerned with the question of whether it would have reached the same decision as the trial court, in the absence of a clear abuse of discretion.[3]

■ In effect, appellant recognizes these rules in urging that the violation of discretion was of "such an exceptional, arbitrary and unreasonable nature

that a writ of mandamus is an appropriate corrective measure". In the light of all the factors considered by the trial court, we cannot agree that there was the clear abuse of discretion required for mandamus.

The judgment of dismissal is affirmed, and the application for a writ of mandamus is denied.

---

3. As Judge Goodrich said in Johnston v. Marsh, 3 Cir. 1955, 227 F.2d 528, 531:
   "A judge having authority to act in a particular matter has, of course, the power to decide correctly or to make mistakes. Appellate courts exist to correct mistakes as they see them. But the fact that a court in the first instance decides a matter in a way which a court on appeal thinks incorrect is not a denial of the authority of the trial judge. We are not for a moment suggesting that the district court here did make a mistake. Neither are we saying that he was right. That point is not now before us. What we are deciding is that the court was acting within its jurisdiction."