UNITED STATES of America,
Petitioner,

v.

Honorable Sarah T. HUGHES, United
States District Judge for the Northern
District of Texas, Respondent.

GIFFORD–HILL–AMERICAN, INC.,
Petitioner,

v.

Honorable Sarah T. HUGHES, United
States District Judge for the Northern
District of Texas, Respondent.

UNITED CONCRETE PIPE CORPORA-
TION and Lloyd R. Earl, Petitioners,

v.

Honorable Sarah T. HUGHES, United
States District Judge for the Northern
District of Texas, Respondent.

UNITED STATES of America,
Petitioner,

v.

Honorable Ted CABOT, United States Dis-
trict Judge for the Southern District
of Florida, Respondent.

Nos. 24101, 24120, 24121, 24147.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1968.

No. 24101:

Thomas S. Howard, Atty., Dept. of
Justice, Chicago, Ill., Howard E. Shapiro,

Ronald B. Lewis, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Stanley E. Neely, William P. Fonville, Dallas, Tex., Irwin F. Woodland, Laughlin E. Waters, William L. Scott, Los Angeles, Cal., Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., Nossaman, Waters, Scott, Krueger & Riordan, Los Angeles, Cal., for respondent Gifford-Hill-American, Inc.

No. 24120:

Stanley E. Neely, Dallas, Tex., Laughlin E. Waters, William L. Scott, Los Angeles, Cal., for petitioner.

Irwin F. Woodland, Los Angeles, Cal., William P. Fonville, Dallas, Tex., Gibson, Dunn & Crutcher, Carl D. Lawson, Los Angeles, Cal., for cross-petitioners.

No. 24121:

Irwin F. Woodland, Los Angeles, Cal., William P. Fonville, Dallas, Tex., for petitioners.

Stanley E. Neely, Dallas, Tex., for respondent.

No. 24147:

Howard Shapiro, Jerome A. Hochberg, Ronald Lewis, Attys., Dept. of Justice, Washington, D. C., for petitioner.

James A. Dixon, Miami, Fla., James E. Hastings, Chicago, Ill., Walter Humkey, Miami, Fla., Chester Bedell, C. Harris Dittmar, Jacksonville, Fla., Thomas S. Trantham, Jr., Dwight Sullivan, James Knight, Daniel S. Pearson, Don G. Nicholson, Joseph A. Perkins, Miami, Fla., G. Duane Vieth, Washington, D. C., H. Blair White, Chicago, Ill., for respondent.

Before BROWN, Chief Judge, and COLEMAN and GODBOLD, Circuit Judges.

JOHN R. BROWN, Chief Judge.

These are four cases, three from Texas and one from Florida, presenting essentially the same problem—the application of F.R.Crim.P. 16(a) (3) (as amended Feb. 28, 1966, effective July 1, 1966). See 39 F.R.D. 168 et seq. Specifically, the question is narrowed down to whether in allowing production of the "recorded testimony of a defendant" the term "defendant" includes (1) an executive officer of a corporate defendant, (2) an employee of a corporate defendant, and (3) a former employee of a corporate defendant in a criminal antitrust case, each of whom has given recorded testimony before a grand jury.[1] In the Dallas cases the District Judge ruled as a matter of law that the term did include executive officers of the corporate defendant, but not employees either current or former. The Court held the rule gave an absolute right to production without a showing of need. The Government filed a petition for mandamus to test the correctness of that ruling and the defendants filed a cross petition asserting that the term "defendant" includes as well the employees and former employees who testified. In the Florida case, the Judge granted discovery of the testimony of the corporate officers and present employees, but declined to grant production as to former employees. The Government likewise seeks mandamus.

■ Upon the showing of the Government in each of these cases, this Court in a series of Orders under its Rule 13a authorized the filing of the petitions and ordered that answers be filed by the Respondents. Extensive answers have been filed along with full briefs.[2] We do not at this time determine whether mandamus is available or an appropriate remedy to determine the questions presented.

---

1. F.R.Crim.P. 16(a) (3) "Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony. Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant * * * recorded testimony of a defendant before a grand jury."

2. As the Rule and better practice contemplates, the respective District Judges take a neutral position. The contestants before us are, as they should be, the Government as the prosecutor and the corporate Defendants in the criminal cases.

Viewing these cases on the Government's motion to consolidate or for consolidated argument, we conclude that mandamus ought not to be issued in the Miami, Florida case, but that the Texas cases should be set down for argument.

## The Miami Case

The Order of Judge Cabot with its supporting reasons reflects on its face that the Defendants there sought discovery of Grand Jury testimony under F.R. Crim.P. Rules 6(e) and 16(a) (3). But unlike the Texas cases in which the demand for protection was based on F.R. Crim.P. 16(a) (3) as a matter of right, these Defendants undertook to demonstrate that both on F.R.Crim.P. 6(e) and general principles of fairness, due process, and constitutional rights, the Court should grant the discovery.[3] The Court then ordered production of the Grand Jury testimony of officers, directors, agents and employees (but not former employees) and stated, "This ruling is founded upon: (1) the inherent power of the judge to manage a trial so as to achieve a fair and expeditious result; (2) Rule 6(e) * * * which permits the judge to authorize the production of any Grand Jury proceedings preliminarily to trial; (3) Rule 16(a) (3), which permits production of the defendants' grand jury testimony prior to trial; and (4) the case of Dennis v. United States, 34 L.W. 4556 (1966)."

Although F.R.Crim.P. 16(a) (3) is referred to, and perhaps as the source of additional discretion, it is perfectly clear

that Judge Cabot did not rule, nor does his holding presage a ruling, that the corporate Defendant is entitled as a matter of right to the testimony of any existing or former officer, director or employee. On the contrary, it is clear that the Judge was influenced largely by discretionary factors including fundamental fairness of the very kind which led the Supreme Court in the then recent *Dennis* case to reverse criminal convictions for failure to allow discovery of Grand Jury testimony of key witnesses.[4] It was also based on the application of F.R.Crim.P. Rule 6(e) which allows a production on a showing of "particularized need." See United States v. Procter & Gamble Co., 1958, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077; Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323; see also United States v. Schoeneman, D.D.C., 1962, 203 F.Supp. 840; Allis-Chalmers Mfg. Co. v. City of Fort Pierce, 5 Cir., 1963, 323 F.2d 233. Included also are perhaps implications of Brady v. State of Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; cf. United States ex rel. Bund v. LaVallee, 2 Cir., 1965, 344 F.2d 313.

■ Although Judge Cabot took some account of the new Rule 16(a) (3) as apparently another marker toward the goal of greater, not less, disclosure of the adversary's facts in criminal cases, it does not, as the Government contends, even begin to approach any ruling in absolute terms as a matter of right. No

---

3. The Court prefaced his rulings by stating: "A fair trial means that the facts and issues are to be approached openly and honestly. In order to sift the wheat from the chaff in this case, maximum pretrial discovery and a clarifying organization of the thousands of documents is essential. Without it there will be no trial; there will be one long confused shuffling of words and papers. Difficult and complex trials call for liberal use of the judge's discretion in managing the trial. Consequently, this ruling is based upon the peculiar facts at bar, and makes no attempt to formulate guidelines for future rules." [see Record red-backed appendix p. 29]

4. Dennis v. United States, 1966, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. This was followed by four per curiam decisions vacating judgments and remanding for reconsideration in the light of *Dennis*, Leon v. United States, 1966, 384 U.S. 882, 86 S.Ct. 1912, 16 L.Ed.2d 994; National Dairy Products Corp. v. United States, 1966, 384 U.S. 883, 86 S.Ct. 1913, 16 L.Ed.2d 995; Lucignano v. United States, 1966, 384 U.S. 884, 86 S.Ct. 1917, 16 L.Ed.2d 997; Worthy v. United States, 1966, 384 U.S. 894, 86 S.Ct. 1961, 16 L.Ed.2d 1000.

sharp, clear-cut construction, interpretation or application of 16(a) (3) has been made. The Judge's Order of production was a mixture of subtle discretionary factors. The record does not even remotely suggest an abuse of discretion even assuming the Orders might ultimately be held to have been erroneous in the sense of being incorrect. A writ of mandamus is not appropriate. Will v. United States, 1967, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305. There was no abuse of discretion and therefore the application for a writ of mandamus is denied. See Roche v. Evaporated Milk Association, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 in contrast to Ex parte United States, 1932, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283; United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; 6 Moore Federal Practice ¶54.10(2) at pp. 69–70.

### Dallas Cases

■■ Unlike the Miami case, in the Dallas cases Judge Hughes based production entirely on Rule 16(a) (3) as a *matter of right*. There was no showing for, or determination of, any particularized need either in the pre- or post-Dennis-Brady v. State of Maryland-sense as discussed above in connection with the Miami case. Her ruling was unfavorable to both Government and the Defendants. Production was limited to executive officers only, and excluded employees, either present or former. The Defendants cross petitioned to the exclusion of employees as well as to the condition imposed that forbade one Defendant disclosing to other Co-Defendants (or counsel) the Grand Jury testimony of

that particular corporation's officers.[5] We conclude that we should set down the decisions for further briefs and argument. One of the issues which must be briefed and argued in these cases is whether the Trial Judge's determination that production was approved as a matter of law, rather than as a matter of discretion, affects the availability or appropriateness of mandamus. Stated differently this question concerns whether mandamus is appropriate or available to secure a ruling on the legal issue until such time as the parties have sought from the Trial Court production on discretionary principles and the Trial Court has refused to grant such relief in whole or in part on such principles to any extent.[6]

We make these comments because we get the distinct impression that the Trial Judge, both sides, indeed all of the lawyers in that irrepressible quest for determination of nice, neat, legal issues, anxiously, if not unwittingly, press us for a clean cut decision which might not be ripe at this time. Of course, on the surface of things, one might plausibly argue that the Trial Judge's granting of discovery *as a matter of right* as to some witnesses (executives) and denying it as to others (employees, past and present) is a holding that on no other basis would production of the testimony of any one or more or all of the specified witnesses be ordered by the Trial Judge. But without even intimating what the Court's ultimate decision would be—either in this proceeding or in any appeals from judgments of convictions—it is certainly possible that were the final decision (of this Court or the Supreme Court) to be that production of testimony of any or all of these witnesses in these several

---

5. The cross petitions complained also of refusal to order production of (i) employees' testimony as a document and (ii) documents considered by the Grand Jury but not produced by witnesses before the Grand Jury under Rule 16(b). The contention as to (i) is pertinent to the 16(a) (3) problem. Item (ii) is a matter open for review by the Defendants after conviction and doubt as to appropriate-

ness or availability of mandamus is perhaps greater.

6. Since these are original proceedings, not appeals which might supersede the power of the District Court during the pendency of the appeal, the Trial Court is free to entertain any such applications for discretionary production if sought. The results could be certified to this Court by a supplemental original record.

categories is *not discoverable as a matter of right* under 16(a) (3), this careful Trial Judge following and applying *Dennis, Brady*, and the other cases allowing discovery for particularized need, might well grant it as to one or more or all of such persons on a showing. We emphasize that we make no prejudgment whatsoever on this aspect and point it out simply to assure full briefing and argument on the possibility that, whatever the ultimate decision herein, some or all discovery will be allowed.

The Clerk will assign the Dallas cases for argument and fix the schedule for filing supplemental briefs which are required herein.

