**In re the Matter of Reuben STURMAN, Applicant.**

United States District Court, N.D. Ohio, E.D.

Dec. 19, 1984.

Bernard A. Berkman, Berkman, Gordon, Murray & Palda, Cleveland, Ohio, Harvey M. Silets, Silets & Martin, L.T.D., Chicago, Ill., for applicant.

Stephen H. Jigger, Dept. of Justice, Crim. Div., Cleveland, Ohio, for respondent.

## ORDER

BATTISTI, Chief Judge.

Applicant Reuben Sturman has moved this Court to set a pre-indictment bail bond and a stay of service of any arrest warrant issued for him. This Court for the reasons below denies applicant's motion.

This motion presents a unique situation in which an individual, presumably to spare himself the embarrasment of an arrest, has asked a court *even before an indictment has been returned* against him to hold a bail bond hearing and set bail. This Court is not aware, nor has counsel for applicant, presented any precedent for such a request let alone cases in which a motion of this sort has been granted.

Applicant's request, as set out in his moving papers for bond and stay, springs out of his knowledge that he will be indicted or charged "imminently." Applicant, who has been the subject of a grand jury investigation, learned from personnel of the Criminal Section of the Tax Division at the Justice Department that the "Internal Revenue Service ... has recommended that applicant be charged with tax evasion ... covering a period of six specified years and for having engaged in a conspiracy in viola-

tion of [18 U.S.C. § 371.]" Applicant further "understands" (although he has not been specifically informed) that another recommendation has been made to charge him with conduct violating "the currency or monetary instrument laws of the United States." Applicant also states that "he has been advised, and therefore has good cause to believe, that an indictment charging him with the foregoing offenses is imminent."

This motion is premature for several reasons. First and foremost, no indictment has yet been returned against applicant. He may be aware of the recommendations and indictment but whether or not such indictment will issue remains to be seen.

■ Under 18 U.S.C. § 3045, arrest warrants for violations of internal revenue laws "may be issued by United States magistrates upon the complaint of a United States attorney, assistant United States attorney, collector, or deputy collector of internal revenue or revenue agent...." Furthermore, once an attorney for the government has requested an arrest warrant for individuals named in a fair and properly drawn indictment, the court *must issue* the arrest warrant; the court has no discretion and may not conduct an examination of the request. *See* Fed.R.Crim.P. 9(a); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Ex Parte United States*, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932). The government attorney may choose to request a summons instead of an arrest warrant. Fed.R. Crim.P. 9(a). If the government makes no request, the Court may issue either a warrant or a summons in its discretion. *Id.*

In the instant case, not only are there no indictments or complaints pending but the government has made no request as to a summons or warrant. Indeed, if a summons is requested, the issue of staying the arrest or setting bond in advance will be moot. Furthermore, this motion comes at such an early stage in these proceedings

that the case has not yet been assigned to any judge or magistrate.[1]

■ As previously stated, there is no precedent for such action; at the same time no authority holds that a district court lacks the discretion to grant such a motion. However, this Court chooses not to interfere in the normal process for charging and holding an individual to answer for a crime. The act of being arrested is certainly not one of those experiences in life which one welcomes; for the most part, with the exception of those who view being arrested as a symbolic and inevitable event in their opposition to what they regard as an "unjust" or unprincipled law or policy, individuals view arrest as a humbling if not humiliating experience. It represents the most visible assertion of the state's authority over an individual. At the same time, arrest serves an appropriate function. Its unpleasantness and visibility not only notifies the community at large that an individual has been accused of a crime but it also may admonish and deter the arrested individual and others from future entanglements with the law. This Court is reluctant to grant today's motion which would have the effect of permitting some people, particularly those who are affluent, with counsel and with accessibility to the criminal indictment and charging authorities, to "select" themselves out of the normal criminal process.

■ The setting of a bail bond is to insure the accused's presence at trial; it was not designed as a means to avoid arrest. Certainly, the applicant may raise his concerns with the magistrate who will set his bail. However, this Court does not wish to assume the role of a bail-setting court to whom individuals can appeal before they are arrested.

The motion for a pre-indictment bail bond and stay of arrest warrant is therefore denied.

IT IS SO ORDERED.

1. It appears that applicant filed his request for pre-indictment bail bond with this Court (as opposed to another judge or magistrate) because of this Court's empaneling of a grand jury to investigate charges against the applicant.