Jeffrey REED, Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation, Det. John Griffin, Det. W. Murphy, Det. Stanley Kroll, Det. A. Christophersen, Det. J. Stehlik, Det. Stanley Turner, Det. James Green, Defendants.

No. 94 C 2776.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 27, 1994.

Jill A. Friedman, Law Office of Edward T. Stein, Edward Ted Stein, Chicago, IL, for Jeffrey Reed.

Susan S. Sher, Irene Schild Caminer, Donald Raymond Zoufal, Margaret Ann Carey, Patricia Jo Kendall, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for City of Chicago.

James Patrick McCarthy, David Mitchell Zinder, Eileen Ellen Rosen, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for John Griffin, W. Murphy, Stanley Kroll, A. Christophersen, J. Stehlik, Stanley Turner and James R. Green.

### MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court is Defendants' Motion to Dismiss certain claims of the Plaintiff Jeffrey Reed's Amended Complaint.[1]

---

1. Defendant's Motion to Dismiss originally addressed Plaintiff's Complaint. On August 10, 1994, this Court granted Plaintiff's oral motion to file an amended complaint. At the same time, Defendants were given leave to file a supplement to their Motion to Dismiss. Although Defendants

## ALLEGED FACTS

On June 3, 1991, Lamont Field was shot and killed at or near 5400 South Paulina Street, Chicago, Illinois. (Amended Complaint at ¶ 5.) Thereafter, City of Chicago police officers John Griffin, W. Murphy, Stanley Kroll, A. Christophersen, J. Stehlik, Stanley Turner and James Green began investigating the death of Lamont Field. *Id.* at ¶ 6. Allegedly, the prime suspect for the shooting was Gavin Bryant. *Id.* at ¶ 7. On June 12, 1991, Defendants Turner, Kroll and Murphy went to Bryant's home and questioned him about the shooting of Lamont Field. *Id.* at ¶ 9. Bryant allegedly denied his guilt and pointed the finger at Plaintiff. *Id.* at ¶ 10. Without further investigation and without an arrest or search warrant, Defendants Turner, Kroll and Murphy went to Plaintiff's home on June 12, 1991 and placed him under arrest for the murder of Lamont Field. *Id.* at ¶ 11. Plaintiff alleges, upon information and belief, that Defendants Griffin, Christophersen, Stehlik and Green participated in the investigation of the death of Lamont Field and collaborated with Defendants Turner, Murphy and Kroll in arresting Plaintiff. *Id.* at ¶ 13.

On June 12, 1991, Plaintiff was charged with the murder of Lamont Field and because he was unable to post bond, he remained incarcerated for the entire time the criminal case was pending, approximately twenty-three months. *Id.* at ¶ 15. On May 5, 1993, after a full trial on the merits, Plaintiff was acquitted on the charge of first degree murder. *Id.* at ¶ 22.

Based on the alleged facts recounted above, Plaintiff brings two claims, pursuant to 42 U.S.C. § 1983, for violation of his Fourth and Fourteenth Amendment rights. Count I charges that Defendants deprived Plaintiff of his right to be free from unlawful arrest, search and seizure, wrongful confine-

ment and detention and malicious prosecution in violation of his Fourth Amendment rights. Count II charges that Plaintiff's confinement after his arrest was oppressive and shocking to the conscience, and thus in violation of his Fourteenth Amendment rights. Count III brings a claim for malicious prosecution under Illinois state law and Count IV brings a claim based on Defendants' negligent conduct and the special duty Defendants owed Plaintiff.[2]

Defendants seek to dismiss the claims in Count I of Plaintiff's Complaint for three reasons: (1) the unlawful arrest and search and seizure claims are time barred;[3] (2) the unlawful confinement and detention claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment; and finally (3) the malicious prosecution claim is not cognizable under the Fourth Amendment. As to Count II, Defendants assert that Plaintiff has not alleged sufficient facts to state a claim for unlawful confinement and detention in violation of his Fourteenth Amendment due process rights. Finally, with regard to Count III, Defendants ask this Court to dismiss Plaintiff's request for costs and attorney's fees because an award of litigation expenses is not permitted under Illinois law.

## ANALYSIS

 When reviewing a motion to dismiss, the court views all of the facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1992). Dismissal is appropriate only if it is clear that there is no relief that can be granted under any set of facts that can be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

never filed a supplement, both Plaintiff's Response to Defendants' Motion to Dismiss and Defendants' Reply Memorandum in Support of Their Motion to Dismiss addressed Plaintiff's Amended Complaint. Thus, this Court will direct its opinion to Plaintiff's Amended Complaint.

2. As Plaintiff has abandoned the claims stated in Count IV, the Court will not address them in this opinion.

3. As Plaintiff agrees with Defendant that Count I's unlawful arrest and search and seizure claims are barred by the applicable statute of limitations, this Court will not address the merits of such claims.

*Count I*

### Unlawful Confinement and Detention

In support of his assertion that an unlawful confinement and detention claim is cognizable under the Fourth Amendment, Plaintiff relies on two Supreme Court cases, *Heck .v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). This Court agrees with Defendants that neither *Heck* nor *Albright* support the Plaintiff's assertion.

In *Heck,* the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. —— U.S. at ——, 114 S.Ct. at 2372. The *Heck* court went on to note that, when a prisoner seeks damages in a § 1983 suit, the district court must determine whether a judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* Since the Plaintiff in the present case has been neither convicted nor sentenced, the Supreme Court's opinion in *Heck* is inapplicable.

In *Albright,* the Supreme Court was presented with the narrow question of whether a plaintiff could maintain a § 1983 claim for malicious prosecution on substantive due process grounds. —— U.S. at ——, 114 S.Ct. at 812. The plaintiff in *Albright* was arrested for selling look-alike drugs. He was bound over for trial at a preliminary hearing, although not imprisoned, and the charges against him were eventually dismissed. *Id.* at ——, 114 S.Ct. at 810.

A plurality of the Supreme Court held that there is no substantive due process right to be free from malicious prosecution. *Id.* Rather, Chief Justice Rehnquist, writing for the plurality, noted that any such claim must be judged under the Fourth Amendment.

*Id.* at ——, 114 S.Ct. at 811. The *Albright* court noted, "[w]here a particular amendment 'provides an explicit textual. source of constitutional protection' against a particular sort of government behavior,' that Amendment not the more generalized notion of substantive due process, must be the guide for analyzing these claims." —— U.S. at ——, 114 S.Ct. at 813 (citing *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). However, as the plaintiff in *Albright* had not challenged the defendant's conduct on Fourth Amendment grounds, the *Albright* court expressed no view as to whether the Fourth Amendment does in fact provide protection from malicious prosecution and what the contours of such protection are, should it be found to exist. *Id.,* —— U.S. at ——, 114 S.Ct. at 813–14. Since the *Albright* court confronted a claim of malicious prosecution based on substantive due process, the Supreme court's opinion in *Albright* appears to provide little support for Plaintiff's claim of unlawful confinement brought under the Fourth Amendment. However, the application of *Albright* to Plaintiff's Fourth Amendment unlawful confinement claim cannot be dismissed so readily.

■ In a case decided prior to the Supreme Court's opinion in *Albright, Wilkins v. May,* 872 F.2d 190, 193 (7th Cir.1989), *cert. denied,* 493 U.S. 1026, 110 S.Ct. 733, 107 L.Ed.2d 752 (1990), the Seventh Circuit explained that "once a person is arrested and charged, but before he is convicted, the question whether the fact, manner, or duration of his continued confinement is unconstitutional passes over from the Fourth Amendment to the due process clause." In his Amended Complaint, Plaintiff alleges that, after he was arrested and indicted for the murder of Lamont Field, he remained incarcerated for twenty-three months because he could not post bond. The unlawful detention and confinement about which Plaintiff complains occurred while he was a detainee awaiting trial and a defendant on trial. Thus, according to the Seventh Circuit's opinion in *Wilkins,* Plaintiff's claim of unlawful detention and confinement is a due process, not a Fourth Amendment, claim. *See also, Titran v. Ackman,* 893 F.2d 145, 147 (7th Cir.1990) (noting

that three different parts of the Bill of Rights apply in sequence during arrest and confinement: force during arrest must be reasonable within the meaning of the Fourth Amendment; between arrest and conviction, the government may not "punish" the suspect without due process of law; after conviction, the government may not inflict cruel and unusual punishment); *Bergren v. City of Milwaukee,* 811 F.2d 1139, 1142–43 and n. 2 (7th Cir.1987).

The question which this Court must address is whether the Seventh Circuit's opinion in *Wilkins* is still good law after *Albright.* The *Wilkins* opinion, which suggests that Plaintiff's unlawful detention and confinement claim, is a due process, not a Fourth Amendment, claim, depends on a line drawn by the Seventh Circuit between claims brought before a *Gerstein* hearing,[4] to which the Fourth Amendment applies, and claims brought after a *Gerstein* hearing, to which the Due Process Clause applies. According to the Seventh Circuit, after a probable cause hearing, a person is no longer seized for the purposes of the Fourth Amendment, and thus the only constitutional provision which applies to the confinement of a person after such a hearing is the Due Process Clause of the Fourteenth Amendment. *See Garcia v. City of Chicago, Ill.,* 24 F.3d 966, 970 n. 6 (7th Cir.1994).

At least one judge on the Seventh Circuit has recognized that the Supreme Court's opinion in *Albright* has blurred the line which separates constitutional violations before and after a *Gerstein* hearing. *Garcia,* 24 F.3d at 975 (Cudahy, J., concurring in part dissenting in part). In *Garcia,* Judge Cudahy took special note of Justice Ginsburg's concurrence in *Albright. Id.* Judge Ginsburg joined the plurality, but wrote separately to explain why she believed Albright's claim should be judged under the Fourth Amendment. Judge Ginsburg opined,

Albright may have feared that courts would narrowly define the Fourth Amendment's key term 'seizure' so as to deny full

scope to his claim. In particular, he may have anticipated a holding that the 'seizure' of his person ended when he was released from custody on bond.... Such a concern might have stemmed from Seventh Circuit precedent set before *Graham v. Connor,* 490 U.S. 386 [109 S.Ct. 1865, 104 L.Ed.2d 443] (1989). *See Wilkins v. May,* 872 F.2d 190, 195 (1989) (substantive due process 'shock the conscience' standard, not the Fourth Amendment, applies to brutal 'post-arrest pre-charge' interrogation).

—— U.S. at —— & n. 2, 114 S.Ct. at 815 & n. 2. The Ginsburg opinion further notes that the Fourth Amendment continues to apply even after an initial bond hearing and release on custody, since the defendant remains " 'seized' for trial, so long as he is bound to appear in court and answer the state's charges." —— U.S. at ——, 114 S.Ct. at 816.

Judge Ginsburg's opinion clearly raises doubts about the line the Seventh Circuit has drawn between violations of an arrestee's constitutional rights prior to a *Gerstein* hearing and violations of a pre-trial detainee's rights after a *Gerstein* hearing. However, Judge Cudahy notes that the Seventh Circuit's line drawn at the *Gerstein* hearing remains viable because the *Albright* court's statements about the applicability of the Fourth Amendment after a probable cause hearing are "essentially dicta in an otherwise narrow substantive due process case." 24 F.3d at 975. Although the *Albright* court noted that a claim of malicious prosecution should be judged under the Fourth Amendment, not substantive due process, the Supreme Court supplied no view as to whether the Fourth Amendment provided any protection against malicious prosecution because the plaintiff had not brought a claim under the Fourth Amendment. —— U.S. at —— – ——, 114 S.Ct. at 813–14.

This Court finds it significant that the majority opinion in *Garcia,* in addition to Judge Cudahy's concurrence, reaffirms the line drawn between alleged constitutional violations which take place prior to the *Gerstein*

---

**4.** *Gerstein v. Pugh,* 420 U.S. 103, 126, 95 S.Ct. 854, 869, 43 L.Ed.2d 54 (1975) held that "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite

to detention," and probable cause hearings that take place after arrests made without warrants are commonly referred to as *Gerstein* hearings. *Garcia,* 24 F.3d at 968 n. 2.

hearing, to which the Due Process Clause of the Fourteenth Amendment applies. Specifically, the *Garcia* majority stated, "[b]ecause the seizure of a person ends after the *Gerstein* hearing, the Due Process Clause of the Fourteenth Amendment is the only applicable constitutional provision." *Id.* at 970 n. 6. The *Garcia* majority noted further that the Supreme Court's opinion in *Albright* "casts considerable doubt on the application of substantive due process," after the *Gerstein* hearing, *id.* (citing —— U.S. at ——, 114 S.Ct. at 814 (Scalia, J., concurring)), but the *Garcia* majority did not conclude that *Albright* instructs that the Fourth Amendment applies after a *Gerstein* hearing.

Despite the doubt, cast by the Supreme Court, on the applicability of substantive due process after a *Gerstein* hearing, the court in *Garcia* proceeded to analyze the plaintiff's unlawful confinement claim under the rubric of substantive due process. The *Garcia* court's application of substantive due process to the plaintiff's claim of unlawful confinement might be explained by the fact that the Supreme Court's opinion in *Albright* addressed only a claim of malicious prosecution and not a claim of unlawful confinement or detention.

Although this Court acknowledges the dicta in *Albright* regarding the application of the Fourth Amendment to alleged constitutional violations after a *Gerstein* hearing and the doubt cast on the application of substantive due process, this Court is bound by the Seventh Circuit's opinion in *Garcia* which confirms the line drawn at the *Gerstein* hearing and the application of substantive due process to a claim of unlawful confinement occurring after a *Gerstein* hearing. Consequently, the claims in Count I which allege that Defendants' unlawful detention and confinement of Plaintiff violated Plaintiff's Fourth Amendment rights must be dismissed for failure to state a claim.

**Malicious Prosecution**

As previously noted, *Albright* holds that a plaintiff cannot maintain a § 1983 claim for malicious prosecution on substantive due process grounds. —— U.S. at ——, 114 S.Ct. at 812. Accordingly, Plaintiff does not base his malicious prosecution claim on substantive due process grounds, but rather on the Fourth Amendment.

Writing for a plurality of four justices, Chief Justice Rehnquist held that a claim for malicious prosecution must be judged under the Fourth Amendment. *Id.* at ——, 114 S.Ct. at 811. However, contrary to Plaintiff's assertions, such a holding does not indicate that a claim for malicious prosecution is viable under the Fourth Amendment. Because the plaintiff in *Albright* did not raise a Fourth Amendment claim, the plurality opinion did not address whether the Fourth Amendment does, in fact, provide protection from malicious prosecution and what the contours of such protection are, should it be found to exist. *Id.* at —— – ——, 114 S.Ct. at 813–14. The discussion in the plurality and concurring opinions in *Albright* regarding the applicability of the Fourth Amendment to a claim of malicious prosecution is mere dicta in an otherwise narrow decision regarding substantive due process. Thus, this Court's determination as to whether Plaintiff can sustain a claim for malicious prosecution under the Fourth Amendment must be guided by relevant Seventh Circuit precedent.

■ Relying on the Supreme Court's opinion in *Albright,* the Seventh Circuit in *Smart v. Board of Trustees of the University of Illinois,* 34 F.3d 432 (7th Cir.1994), held that, where malicious prosecution results in an arrest or other seizure of the plaintiff, there is an infringement of liberty, which is cognizable under the Fourth Amendment (as made applicable to the states by the Fourteenth), and not under the due process clause directly. In the present case, Plaintiff was arrested without a warrant and indicted for murder the same day. Thus, the Defendant's seizure of Plaintiff ended after his *Gerstein* hearing, at which a grand jury presumably determined that there was probable cause to charge Plaintiff with the murder of Lamont Field. *See, Garcia,* 24 F.3d at 970 n. 6. As Defendants' seizure of Plaintiff ended after Plaintiff's probable cause hearing, the Fourth Amendment is no longer applicable and Plaintiff cannot bring a malicious prosecution claim based on the Fourth Amendment. *Id.*

■ Although unclear, the allegations in Plaintiff's Amended Complaint seem to sug-

gest that his *Gerstein* hearing may have been defective because he was denied an opportunity to present witnesses to counter the testimony of Defendants Turner, Kroll and Murphy. Plaintiff alleges that he was indicted for murder, solely on the basis of Defendants Turner, Kroll and Murphy's statements. Amended Complaint at ¶¶ 11, 18. Plaintiff's contention can be easily dismissed as the Seventh Circuit has held that the Fourth Amendment does not require that probable cause hearings be adversarial in nature. *Garcia*, 24 F.3d at 969 (citing *Gerstein v. Pugh*, 420 U.S. 103, 121–22, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54 (1975)). Thus, Plaintiff's inability to present witnesses in his own behalf does not render his *Gerstein* hearing unreliable.

■ Other than the inability to present witnesses on his own behalf, Plaintiff does not indicate any other reason why his *Gerstein* hearing would be rendered unreliable. Thus, because Defendant's seizure of Plaintiff ended after Plaintiff's *Gerstein* hearing, the Due Process Clause of the Fourteenth Amendment is the only applicable constitutional provision. *See, Garcia*, 24 F.3d at 970 n. 6. As *Garcia* holds that substantive due process governs after a *Gerstein* hearing and as *Albright* holds that a claim of malicious prosecution cannot be based on substantive due process, this Court must dismiss Plaintiff's malicious prosecution claim.

### Count II

Defendants request that this Court dismiss Count II because Plaintiff has not alleged sufficient facts to state a claim for unlawful confinement and detention in violation of his Fourteenth Amendment due process rights.

■ The Due Process Clause requires that a pretrial detainee not be punished prior to an adjudication of guilt in accordance with due process of the law. *Lile v. Tippecanoe County Jail*, 844 F.Supp. 1301, 1306 (N.D.Ind.1992) (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979)). Both the length and conditions of the pretrial confinement must serve legitimate regulatory purposes of the state. *Bergren*, 811 F.2d at 1143 (citing *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963)).

■ Plaintiff alleges that he was arrested, without a warrant, and charged with the first degree murder of Lamont Field on June 12, 1991. Amended Complaint at ¶¶ 11, 14. According to the Amended Complaint, Plaintiff protested his arrest and maintained that he was innocent of the crime with which he was charged. *Id.* at ¶ 16. However, even if Plaintiff was arrested without a warrant, the subsequent grand jury indictment proves that there was probable cause for the arrest. *Lee v. Village of River Forest*, No. 85 C 10583, 1987 WL 12928 (N.D.Ill. June 22, 1987) (citing *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 131, 77 L.Ed. 283 (1932)).

■ As already noted, Plaintiff's contention that he was indicted solely on the basis of Defendants' testimony does not render his probable cause hearing unreliable. The Seventh Circuit has held that the Fourth Amendment does not require that probable cause hearings be adversarial in nature. *Garcia*, 24 F.3d at 969 (citing *Gerstein v. Pugh*, 420 U.S. 103, 121–22, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54 (1975)). Moreover, probable cause has traditionally been decided by a magistrate judge on hearsay and written testimony and the Supreme Court has approved these informal modes of proof. *Gerstein*, 420 U.S. at 120, 95 S.Ct. at 866. Finally, Plaintiff's eventual acquittal on the murder charge does not establish that the Defendants lacked probable cause to detain. *See Kompare v. Stein*, 801 F.2d 883, 891 (7th Cir.1986).

■ Plaintiff's alleged facts do not support his claim that he was unlawfully detained and confined in violation of his substantive due process rights and this Court is not required to accept legal conclusions alleged in the pleadings. *See Carl Sandburg Village Condo. Ass'n No. 1 v. First Condo. Develop. Co.*, 758 F.2d 203, 207 (7th Cir. 1985). Consequently, even if the Court views all of the facts alleged in the Amended Complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to allege sufficient facts to state a claim that he was unlawfully detained and confined in violation of his substantive due

process rights. Defendants' Motion to Dismiss Count II is granted.

*Count III*

Count III states a claim for malicious prosecution under Illinois state law. The dismissal of Plaintiff's § 1983 claims disposes of all federal claims before this Court and the Court declines to exercise pendent jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c). Although a federal court may exercise pendent jurisdiction, this Court is mindful of the Supreme Court's admonition that, if the federal claims are dismissed before trial, then the state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1972). Accordingly, Count III is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants motion to dismiss Plaintiff's Amended Complaint is granted.