Ernest L. Signorelli, J.
This defendant stands accused of having committed the misdemeanor of prisoner escaping in violation of section 1694 of the Penal Law. A trial was had before this court without a jury and upon the conclusion thereof, decision was reserved.
At the conclusion of both the People’s ease and the entire case, "defendant moved to dismiss this information on the ground that this court was without authority to issue a warrant for the arrest of this defendant, based upon a criminal complaint made by a wife charging her husband, this defendant, with assault in the third degree. In support of this position, the defendant asserts the authority as contained in article VI (§ 13, subd. b) of the New York State Constitution setting up the Family Court, and article 8 of the Family Court Act implementing the constitutional provision, and the case of People v. Johnson, decided by the Court of Appeals on July 7,1967 (20 N Y 2d 220).
In the instant case, the defendant’s wife had filed a complaint in the District Court on March 29, 1967, charging the defendant with assault in the third degree, and a warrant of arrest was issued on the very same day. The complaint was not transferred to the Family Court within the prescribed three-day period as required by section 813 of the Family Court Act, nor was it dismissed for legal insufficiency, or withdrawn within that period. As a matter of fact, the warrant of arrest was not executed until July 18,1967, at which time it is alleged in the information presently before the court, that the defendant, while being taken into custody, eluded the police officer and escaped.
Defendant is accordingly charged in the instant information, with the crime of prisoner escaping in violation of section 1694. Section 1694 of the Penal Law provides:
“ § 1694. Prisoner escaping.
“A prisoner who, being confined in a prison, or being in lawful custody of an officer or other person, escapes from such prison or custody, is guilty of felony if such custody or confinement is upon a charge, arrest, commitment, or conviction for a felony; and of a misdemeanor if such custody or confinement is upon a charge, arrest, commitment or conviction for a misde *668 meaner, .offense, traffic infraction, or violation of an ordinance, or upon an arrest or commitment in a civil action or proceeding. ’ ’
The gist of learned defense counsel’s argument is that under the ruling as contained in People v. Johnson, the District Court did not in the first instance, have jurisdiction over the subject matter of this complaint, charging an intrafamilial assault, and that, therefore, the warrant issued by a Judge of the District Court was invalid, and that the defendant was, therefore, not in ‘ ‘ lawful custody. ’ ’
For the reasons contained in a companion decision rendered by this court on this date in the case of People v. Brady (54 Mise 2d 638), this argument is not tenable in view of the fact that sections 813 and 814 empower the District Court to entertain at the outset, an assault complaint between husband and wife, 'only for the purpose of transferral to the Family Court.
However, the criminal complaint in the instant matter was not transferred to the Family Court within the three-day period as mandated by subdivision (a) of section 813, and although the warrant was issued within the said three-day period, it was not executed until some three months thereafter.
The court was therefore without authority or jurisdiction to arrest or hold this defendant some three months after the complaint was filed with this court, nor can subdivision (b) of section 814 act to rectify this result since no decision had been made to transfer the proceedings to the Family Court as of the date the defendant was apprehended.
It is the decision of this court therefore, that since the defendant was not in “ lawful custody ”, the People have not made out a prima facie case under the provisions contained in section 1694 of the Penal Law, and the defendant’s motion to dismiss is accordingly granted. The information is dismissed, and the defendant is discharged.