THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD SIMMS, Appellant.

Fourth Department, February 18, 1971.

*James R. Cannon* for appellant.

*Scott W. Crane, District Attorney* (*Thomas Reynolds* of counsel), for respondent.

GABRIELLI, J. On this appeal from a judgment of the Livingston County Court rendered January 22, 1970 convicting defendant of resisting arrest, he raises the question of the sufficiency of the evidence and bases his claim on the sole ground that any alleged resistance was offered in connection with an unauthorized arrest.

While on routine patrol in a police car during the early morning hours of May 29, 1969 Officer Theodore Yates came upon a sizeable group of people "milling around" in front of a local tavern on the main street of the Village of Geneseo. He also observed a number of them with opened alcoholic beverage containers and arrested appellant and others for a violation of an ordinance which prohibits the possession or carrying of any such beverages in "any open, resealed, reopened or partially empty bottle, container or similar article in any public street, public walk   *   *   *   within the Village limits". It appears that the officer, who was in uniform, advised appellant that he was under arrest for violating the ordinance, whereupon appellant refused to go with the officer. At this point another officer appeared and in the course of effecting the arrest, appellant pushed Officer Yates and began kicking, and the officers were required to use force in placing him in the police car. Appellant was thereafter acquitted of the charge of violating the ordinance. Subsequently, an indictment was returned charging appellant with resisting arrest in violation of section 205.30 of the Penal Law. From an adverse jury verdict, defendant has appealed to this court.

When a person intentionally prevents or attempts to prevent a peace officer from effecting an authorized arrest, he is guilty of resisting arrest (Penal Law, § 205.30). To sustain a conviction on this charge it is not required that a defendant use violence or force in obstructing the peace officer. It is sufficient that there be proof that he engaged in some conduct with an intent of preventing the officer from effecting an authorized arrest (Practice Commentary by Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 205.30, p. 677; *People* v. *Lattanzio,* 35 A D 2d 313). The jury could, as it did, reasonably conclude that appellant was on the main street with an open alcoholic beverage container and that after he was advised of his arrest, he not only refused to accompany the officers but also used some force in his resistance. Of course, the disposition of the original charge was no bar to a conviction for the crime charged in the indictment. The jury was justified in finding that the arrest was authorized (Code Crim. Pro., § 177, subd. 1) and that defendant intentionally attempted to prevent the officer from effecting it.

We take this occasion to write concerning the requirements for a conviction under the section involved in this case (Penal Law, § 205.30), and point out that while the arrest being resisted must be an authorized one, section 35.27 of the Penal Law (L. 1968, ch. 73, eff. March 21, 1968) provides that '' A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer ''. This latter section was a new enactment and made a part of article 35 of the Penal Law dealing with the defense of justification (*People* v. *Lattanzio, supra*) and, of course, does not create a new substantive crime. In a consideration of the legislative intent, we are persuaded by the well-found logic and reasoning in the practice commentary (McKinney's Cons. Laws of N. Y., Book 39) following this section (Penal Law, § 35.27) wherein it is stated that: '' The rationale of this so-called ' no sock ' principle is that to authorize or encourage a person to engage an arresting officer in combat because of a difference of opinion concerning the validity of the arrest being effected or attempted produces an unhealthy situation; that orderly procedure dictates peaceful submission to duly constituted law enforcement authority in the first instance; and that if it develops that the officer was in error and the arrest unauthorized, ample means and opportunity for remedial action in the courts are available to the arrestee.'' Obviously this statute is designed to protect the physical safety of the average

citizen as well as that of the peace officer, and quite properly discourages altercations and eliminates the risk of injury. We are, of course, mindful of the presumption that the Legislature has investigated and found a constitutional and factual basis necessary to support the statute (*Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413, 415).

The judgment should be affirmed.

GOLDMAN, P. J., DEL VECCHIO and HENRY, JJ., concur.

Judgment unanimously affirmed.