## Commonwealth, Appellant, *v.* Supertzi.

Argued November 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert L. Eberhardt,* Assistant District Attorney, with him *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Stephen P. Swem,* Trial Defender, with him *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellee.

OPINION BY PRICE, J., June 24, 1975:

In June, 1973, one Richard Tenney, and the appellee, David Supertzi, were indicted for the crimes of resisting arrest, obstructing justice, assault and battery, and inciting a riot.[1] At the end of the Commonwealth's case, the

---

1. The law applicable at the time of the offense was the Act of June 24, 1939, P.L. 872, §314, *as amended* (18 P.S. §4314), *repealed,* Act of December 6, 1972, P.L. 1482, No. 334, §5. "Whoever knowingly, wilfully and forcibly obstructs, resists or opposes any officer or other person duly authorized, in serving or attempting to serve or execute any legal process or order, or in making a lawful

appellee's demurrer to the evidence was sustained and the Commonwealth appealed. We reverse.

Accepting all facts which the Commonwealth's evidence tended to prove, and all inferences reasonably deducible therefrom, Act of June 5, 1937, P.L. 1703, No. 357 (19 P.S. §481), reveals that on the night of April 17, 1973, in the City of Pittsburgh, Police Sergeant Robert Krah was riding in a detective car. He noticed Richard Tenney "staggering" along Forbes Avenue in the Oakland section of the city. Sergeant Krah and his partner, Officer Butler, stopped Tenney and attempted to talk to him. Suspecting that he was drunk, they placed him under arrest, at which time Tenney attempted to flee. He was caught and a tussle ensued.

The next events of record occurred on the fourth floor of the Montefiore Hospital, a hospital in the City of Pittsburgh. Richard Tenney had been taken to the hospital and placed in the custody of Police Officer Sievers, while Sergeant Krah went to obtain a warrant for his arrest.[2] When Officer Petrauskas, who was scheduled for duty at the hospital, arrived with Officers Burke and Wolfe, they were informed by Sievers that a warrant had been issued for Tenney's arrest. Officer Burke approached Tenney, informed him that a warrant for his arrest had been issued, and led him to the hospital police room. Once

---

arrest without warrant, or assaults or beats any officer or person, duly authorized, in serving or executing any such legal process or order or for and because of having served or executed the same; or in making a lawful arrest without warrant; or rescues another in legal custody; or whoever being required by any officer, neglects or refuses to assist him in the execution of his office in any criminal case, or in the preservation of the peace, or in apprehending and securing any person for a breach of the peace, is guilty of a misdemeanor, and on conviction, shall be sentenced to imprisonment not exceeding one (1) year, or to pay a fine not exceeding five hundred dollars ($500), or both."

2. The brevity of the record leaves us uninformed as to how or why Tenney was taken to the hospital.

in the police room, Tenney started to scream and ran to the telephones. When Officer Burke tried to stop him, another tussle ensued.

It was at this moment that the appellee entered the picture, attempting to pull the officers away from Tenney. The appellee was arrested and taken, screaming and ranting, to the police station along with Tenney, who had by this time quieted down.

"The test to be applied to the validity of a demurrer in a criminal case is whether the evidence produced by the Commonwealth and inferences reasonably drawn therefrom would support a guilty verdict." *Commonwealth v. Townsend,* 211 Pa. Superior Ct. 135, 137, 235 A.2d 461 (1967). The Commonwealth argues that the unrebutted evidence established that the appellee committed an assault and battery on Officer Burke, obstructed justice and unlawfully resisted arrest. The appellee argues that since the arrest of Tenney was made without a warrant, it was unlawful; that Tenney had a right forcibly to resist an unlawful arrest and that the appellee had a right to help him.

It is true that the right to resist an unlawful arrest, *John Bad Elk v. United States,* 177 U.S. 529 (1900), had not been abrogated in Pennsylvania by statute at the time of appellee's and Tenney's arrest.[3] However, in *Commonwealth v. Beam,* 227 Pa. Superior Ct. 293, 324 A.2d 549 (1974) (also decided under 18 P.S. §4314), this court acknowledged the erosion of that concept with approval. The increasing complexity of the law of probable cause renders the legality of an arrest a highly technical area of the law. *See e.g., Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973) ; *Commonwealth v. Vassiljev,* 218 Pa. Superior Ct. 215, 275 A.2d 852 (1971) ; *Commonwealth v. Garrick,* 210 Pa. Superior Ct. 124, 232 A.2d 8

3. As of June 6, 1973, the use of force to resist an unlawful arrest by a known police officer is unjustifiable. Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §505(b) (1) (i)).

(1967). The technicalities involved in determining the validity of a warrantless arrest, coupled with the availability of civil remedies for false arrest, have led many to conclude that there is no right forcibly to resist an arrest by a known officer of the law, whether or not the arrest is subsequently determined to be unlawful.[4] A rationale often used as support for this position is that the participants in such an altercation seldom have the time or the emotional stability necessary to make a legal judgment of the rights involved. There is a strong likelihood that a decision made under those circumstances will be wrong, thus increasing the likelihood that useless violence will occur. Any rule which creates a high risk of useless violence can only be upheld by the strongest of justifications.

In this case, the issue of whether one can forcibly resist an unlawful arrest is not before us. The issue here is whether one can aid another in forcibly resisting an arrest subsequently determined to be unlawful.[5] Under such circumstances, the person coming to the aid of the arrestee is likely to have even less facts at his disposal for determining whether the arrest is lawful, than the one who is being arrested. This case provides a perfect illustration of that fact, for the appellee had no knowledge from which to determine the legality of Tenney's arrest. To hold that the appellee's conduct could be justified by a subsequent determination that the arrest of Tenney was unlawful, would mean that the would-be rescuer could

---

4. In addition to the authorities cited in *Commonwealth v. Beam*, 227 Pa. Superior Ct. 293, 297, n. 3, 324 A.2d 549, 551-52, n. 3 (1974), *see State v. Lochner*, 20 Ariz. App. 367, 513 P.2d 374 (1973); *State v. Richardson*, 95 Idaho 446, 511 P.2d 263 (1973), *cert. denied*, 414 U.S. 1163 (1973); *People v. Simms*, 36 A.D. 2d 23, 319 N.Y.S. 2d 144 (1971); *People v. Carrol*, 133 Ill. App. 2d 78, 272 N.E. 2d 822 (1971); *Miller v. State*, 462 P.2d 421 (Alaska 1969).

5. The lower court held that the arrest of Tenney was unlawful because the arresting officer was without a warrant, and because there was no probable cause to arrest. Our disposition of this case renders it unnecessary for us to decide that issue at this time.

join the fray without any idea of whether the arrestee's conduct is legal or not.

We hold that there was and is no right forcibly to aid another in resisting an unlawful arrest.

Therefore, the Commonwealth's evidence established that the appellee's unjustified use of force on Officer Burke was an assault and battery. Officer Burke had a lawful duty to arrest appellee for committing the assault and battery, and appellee violated 18 P.S. §4314 in resisting that arrest.

The Order of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

CERCONE and SPAETH, JJ., concur in the result.