Steven Wise WRIGHT and Clarence Edward Wright, Jr., Appellants,

v.

George BAILEY and Raymond L. Bell, Appellees.

No. 74–2105.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1976.

Decided Nov. 4, 1976.

---

S. W. Tucker, Richmond, Va. (Hill, Tucker & Marsh, Jack Greenberg, Charles Stephen Ralston, New York City, on brief) for appellants.

Andrew P. Miller, Atty. Gen. of Va., and Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for appellees.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

The petitioners Steven Wright and Clarence Wright, in separate petitions, sought in the District Court *habeas* relief in connection with their convictions in the Circuit Court of Albemarle County, Virginia, as a result of a disturbance or altercation at a night club in such County. Since the offenses of which both petitioners were charged in the State Court proceedings arose out of the same circumstances, the two petitioners were tried together in the State Court and their *habeas* petitions in the District Court were combined for hearing. The District Court denied relief in

both cases. The petitioners have appealed. We affirm.

The petitioners who are brothers were at a night club. A disturbance in which they were involved arose and the manager of the night club called the police authorities. When they arrived at the scene, the officers inquired of the manager, who had made the complaint, the circumstances of the complaint. According to the prosecution testimony, the petitioner Steven Wright, shouting in a loud and boisterous voice, kept interrupting the manager in his account of the disturbance, belligerently contradicting the manager's statement and making it difficult, if not impossible, for the officer to proceed with his investigation of the complaint of the manager of the night club. The officer who was conducting the investigation asked Steven to remain quiet until after he had gotten the manager's statement. Steven seemed to pay no heed to the request, though it was repeated by the officer. At this point, the officer told Steven he would arrest him if he continued to interrupt his interrogation of the manager. When Steven continued to interrupt and to interfere with the examination, the officer arrested him for disorderly conduct, took him by the arm and attempted to lead him to the police car. At this point Steven "jerked free" and drew back as if, according to the officer, to strike the officer. When he did this, the officer struck him with his billy, whereupon the petitioner Clarence Wright jumped on the officer "from behind," inflicting "a deep cut around [his] neck." Other officers pulled Clarence Wright off the back of the investigating officer and arrested him for an assault upon an officer. After a trial in the State Court, jury waived, the petitioner Steven Wright was found guilty of disorderly conduct and unlawfully resisting arrest, and the petitioner Clarence Wright was found guilty of assault and battery on a police officer and of unlawfully resisting arrest. On the charge of disorderly conduct, the petitioner was ordered to pay a fine of $50 and on the other charge, was fined $50 and sentenced to 30 days' confinement, suspended and placed on probation for a year. The petitioner Clarence Wright was sentenced for assault and battery on a police officer to serve 30 days in jail and pay a fine of $50, and for unlawfully resisting arrest he was sentenced to serve 30 days in jail and a fine of $50. The petitioners applied for a writ of error to the State Supreme Court but such application was denied as was their petition for writ of certiorari to the Supreme Court of the United States.[1] These *habeas* proceedings were then begun.

■ The District Court dismissed the claim of Steven Wright which related to his conviction for disorderly conduct, resulting in a fine, on the ground that the petitioner was not "in custody" within the intendment of *habeas* jurisdiction, since the sole punishment imposed for such conviction was a fine with no provision for incarceration in event of non-payment. Such ruling is amply supported by the authorities[2] and we affirm. The Court, however, found that there was *habeas* jurisdiction to review Steven Wright's conviction of resisting arrest and Clarence Wright's conviction of assault and battery upon an officer and of resisting arrest. The claim for relief in both cases turns on the petitioners' contention that Steven's arrest was unlawful. If it were unlawful, the petitioners reason, Steven Wright had a right forcibly to resist arrest and, when the arresting officer sought to arrest forcibly Steven, his brother Clarence had a right to go to his assistance. It follows that, unless it is established that Steven's arrest *when made* was unlawful, the claim for relief by both petitioners must fail.

1. 414 U.S. 828, 94 S.Ct. 52, 38 L.Ed.2d 62 (1973).

2. *Edmunds v. Won Bae Chang* (9th Cir. 1975) 509 F.2d 39, 40–1, *cert. denied*, 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41; *United States ex rel. Dessus v. Commonwealth of Pa.* (3d Cir. 1971) 452 F.2d 557, 559–61; *Westberry v. Keith* (5th Cir. 1970) 434 F.2d 623, 624; *Furey v. Hyland* (D.C.N.J.1975) 395 F.Supp. 1356, 1358–63; *Pueschel v. Leuba* (D.C.Conn.1974) 383 F.Supp. 576, 579–80.

■ The petitioners' argument that Steven's arrest was unlawful depends entirely on the unconstitutionality of the Virginia disorderly conduct statute. It is conceded, though, that such statute had not been held unconstitutional prior to Steven's arrest. It was more than two years later that in a proceeding in the District Court, affirmed almost a year later by this Court, that the statute was found constitutionally defective.[3] So far as the arresting officer knew at the time—or for that matter, the petitioners themselves knew—the statute was valid and was not under constitutional attack. An arrest is not unlawful within the common law right to resist,[4] if the arrest is authorized by statute or by legal process facially good, even though the statute may later be declared unconstitutional, or the legal process found defective. *United States v. Beyer* (2d Cir. 1970) 426 F.2d 773, 774; *State v. Briggs* (Mo.1968) 435 S.W.2d 361, 364–5; *Canney v. State of Florida* (Fla. Ct.App.1974) 298 So.2d 495, 496, *cert. denied*, Fla., 310 So.2d 743, *cert. denied* 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975); Note, *Defiance of Unlawful Authority*, 83 *Harv.L.Rev.* 626, 636; *cf., also, United States v. Ferrone, supra*, 438 F.2d at 390; *Commonwealth v. Supertzi* (1975) 235 Pa.Super. 95, 340 A.2d 574, 575; *State v. Wright* (1968) 1 N.C.App. 479, 162 S.E.2d 56, 62.[5] This exception to the common law rule was stated in the Note in 83 *Harv.L. Rev.* at 636 thus:

" * * * The only major restrictions on this common law right, [to resist an unlawful arrest] beyond those already applied to the analogous right of self-defense, were holdings that arrests were valid—and resistance to them therefore unlawful—*if authorized either by a law later declared unconstitutional* or by an arrest warrant found sufficient on its face to show its purpose although suffering from some latent defect." (Emphasis added)

The reasoning on which this exception rests is that the validity of the arrest depends on the law *as it exists at the time of the arrest and not as it may later be declared*. This was the rationale of the decision in *United States v. Beyer, supra*, where the Court said:

"Appellant argues that three Supreme Court decisions which postdate the issuance of the indictment against him invalidated its use as the basis for lawful process and therefore entitled him to resist arrest. This contention is without merit. The indictment was 'fair on its face' (*Ex Parte United States*, 287 U.S. 241, 249, 53 S.Ct. 129, 77 L.Ed. 283 (1932) *when issued * * *.*" (Italics added)

■ Somewhat similar reasoning was expressed in *Canney v. State of Florida, supra*:

"Irrespective of the constitutionality of the city ordinances which appellant now collaterally attacks, the lawfulness of the arrest ' * * * must stand or fall upon the facts and circumstances *then existing.*'" (Court's emphasis)[6]

---

**3.** The decision in *Squire v. Pace* (W.D.Va.1974) 380 F.Supp. 269, *aff'd.* 4 Cir., 516 F.2d 240, *cert. denied* 423 U.S. 840, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975), was handed down in August, 1974. The trial of the petitioners occurred in June, 1972.

**4.** Generally, the justification for this common law right has disappeared and both courts and legal scholars find no warrant for its continued vitality. Both by statute and by decision, it has been abandoned in an increased number of jurisdictions. The Uniform Arrest Act expressly denies the right and the American Law Institute in its Restatement gives no recognition to the right. The modern trend in decisions, statutes and scholarly comments, is indicated in *United States v. Ferrone* (3d Cir. 1971) 438 F.2d 381, 390, *cert. denied* 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430. Virginia does not appear, however, to have abandoned the rule either by statute or decision.

**5.** This point was noted in *Franklin v. United States* (1903) 218 U.S. 161, 171, 30 S.Ct. 640, 644, 54 L.Ed. 980, but the Court did "not find it necessary to decide" it.

**6.** In addressing a public meeting held to protest our involvement in the Vietnam war, the defendant in this case had used the phrases, " * * * bring the Goddamned war home" and "the Goddamn pigs." When he finished speaking, an officer approached him and said, "[y]ou are under arrest for disorderly conduct, profane language." The defendant thereupon

Perhaps the most complete explication of the exception appears in *State v. Briggs, supra,* at 364–5:

" * * * It also contends that even if the ordinance is unconstitutional, the defendant had no right to resist arrest * * *. We are of the opinion that this third contention of the State must be sustained and hence we need not consider the constitutionality of the ordinance.

"The City of Riverside had adopted in 1956 the ordinance making drunkenness an offense. So far as the record here discloses, the constitutionality of the ordinance had never been attacked. Under such circumstances, it would not have been proper for a police officer of the city to take it upon himself to pass upon the validity of the ordinance. Until repealed or held invalid by a court of competent jurisdiction, it was the duty of the officer to enforce the ordinance. Likewise, it was not the right of an individual to resist arrest on the basis of a contention that the law he allegedly was violating was unconstitutional or invalid for some other reason. A defendant may raise that question as a defense to the charge and have the validity or constitutionality of the statute or ordinance determined, and he will be acquitted if his claim of unconstitutionality or invalidity is sustained. Courts are established and available for the purpose of determining such questions. Such procedure is an integral part of an orderly society under a government of law. To permit persons to resist arrest and attack an officer and then be excused if they successfully question the constitutionality or validity of a statute or ordinance would lead to chaos and would be intolerable. This being true, when one resists arrest, as here, and strikes and wounds the officer, he is subject to criminal prosecution for violation of the statute which prohibits such attack on an officer engaged in the performance of the duties of his office. This is true even if the ordinance is determined subsequently to be unconstitutional.[7]

■ Since it was not until long after Steven's arrest that the statute under which he was arrested was found unconstitutional, it follows that his arrest was not unlawful at the time made within the contemplation of the rule granting one arrest-

---

resisted arrest. He was prosecuted for forcibly "Resisting an Officer with Violence." At trial, the defendant contended he had a right to resist, since his arrest was under a statute violative of First Amendment rights, titled "Obscene Language." Since the statute had not been held unconstitutional at the time of the defendant's arrest, such arrest was not, in the opinion of the Court, unlawful within the contemplation of the rule as to right to resist arrest.

In these cases, the petitioners also assert in their brief that Steven was exercising his First Amendment rights and that his arrest under the disorderly conduct statute violated his First Amendment rights. The District Court, however, found that, unlike the situation in the Florida case, such claim was plainly specious, and we agree. Steven was not engaged in publicizing a protest against national policy, as was the defendant in *Canney*; he was engaged in an argument with a police officer. The investigating officer was seeking to make an investigation of a complaint made to him by the manager of a night club. Steven, even as the statement in his brief concedes, was preventing the officer from making that investigation by his repeated loud interruptions. Free speech is not absolute; its propriety depends on the time when, and place where, it is exercised. *Adderley v. Florida* (1966) 385 U.S. 39, 48, n. 7, 87 S.Ct. 242, 17 L.Ed.2d 149. No one has a right under the First Amendment by repeated interruptions to interfere with court proceedings. Similarly, no one has a right to make difficult or impossible an orderly investigation by a police officer of a complaint registered with him. There is no suggestion by the petitioners that the officer, in conducting the investigation, was not acting in a perfectly fair and impartial manner. It was but natural that he should first address his inquiry to the complainant. The First Amendment cannot be used as a shield by the petitioners to permit them to make an orderly police investigation of a legitimate complaint impossible.

7. This reasoning is largely an echo of Judge Learned Hand's cogent observation, as reported in the 1958 Proceedings, American Law Institute, at p. 254:

"The idea that you may resist peaceful arrest * * * because you are in debate about whether it is lawful or not, instead of going to the authorities which can determine * * * [is] not a blow for liberty but on the contrary, a blow for attempted anarchy."

ed the right to resist. Under those circumstances both petitioners are without any basis to challenge on constitutional grounds the convictions of resisting arrest in the petitioner Steven Wright's case or of assault and resisting arrest in the case of the petitioner Clarence Wright.

The judgments of the District Court dismissing the petitions herein are accordingly

*AFFIRMED.*