OPINION OF THE COURT
Robert M. Haft, J.
The defendant was indicted for the crime of criminal possession of a weapon in the third degree and escape in the second degree. A hearing on the defendant’s motion to suppress the weapon (a pistol) seized from him was conducted by this court (Preminger, J.) on March 9 and 12, 1979. The motion was granted and the weapon charge subsequently dropped by the People. The defendant has brought the instant motion to dismiss the escape charge which is founded on defendant’s alleged escape from police custody without force after he had been arrested for possession of the weapon.
Defendant contends that on the basis of Justice Preminger’s findings, the People cannot show that at the time he “escaped”, he was in “custody” as required by the escape statutes (Penal Law, §§ 205.10, 205.00, subd 2). “Custody” is defined by subdivision 2 of section 205.00 of the Penal Law as “restraint by a public servant pursuant to an authorized arrest”. The key issue, and one apparently of first impression in this State, is whether a defendant is considered restrained “pursuant to an authorized arrest” *517 when his arrest is later determined to be without probable cause.
Justice Preminger’s findings can be briefly summarized. Two police officers decided to question three men they saw standing in the doorway of a partially abandoned apartment building late at night. Upon entering the building, they saw the defendant as well as the three other men. The officers directed all four to face the wall. After defendant turned to face the wall, the officers saw a pistol in his hand. The officers then “seized the pistol and arrested the defendant.” Justice Preminge*: found that the officers did not have “the right to stop and frisk” when they ordered the defendant to face the wall; the weapon obtained by reason of this stop and detention, she ordered suppressed.
Justice Preminger’s finding that the stop of the defendant was unlawful[1] is binding upon this court. Although the doctrine of collateral estoppel applies in criminal cases, it is not applicable here because there has been no final judgment. (People v Plevy, 52 NY2d 58; People v Berkowitz, 50 NY2d 333; cf. People v Cunningham, 62 Misc 2d 515 [doctrine applicable for separate indictments, judgment on one].) However, Justice Preminger made a finding concerning the specific indictment and incident now before this court. Since it is considered a waste of judicial resources to address the same issue again, after both parties have been heard previously, the doctrine of “law of the case” prevents this court from hearing argument de novo. (See Matter of McGrath v Gold, 36 NY2d 406, 413.)
The People argue that because Justice Preminger found only that the stop of the defendant and seizure of the gun were illegal, his subsequent arrest after the police saw the gun was valid and “authorized”. They state that “upon seeing the gun and seizing it, the police had reasonable cause to believe that defendant had committed an offense *518 in their presence and could therefore legally ‘arrest’ him.” The People assume that since the officers were obligated to arrest the defendant once they observed evidence of the commission of a crime, the arrest was therefore lawful.
The People overlook the principle that probable cause for an arrest cannot be founded solely on evidence procured by an illegal search. In Alderman v United States (394 US 165, reh den sub nom. Ivanov v United States, 394 US 939) the Supreme Court, relying on Wong Sun v United States (371 US 471), stated that conversations overheard by means of illegal eavesdropping could not provide a basis for a legal arrest. (Accord United States v Palazzo, 488 F2d 942 [illegal search of luggage in airport cannot provide justification for arrest]; People v Sciacca, 78 AD2d 545 [unreasonable warrantless search cannot justify arrest].) Whatever is observed during an illegal stop cannot then provide probable cause for a subsequent arrest. (United States v Jones, 619 F2d 494, 498; United States v Coleman, 450 F Supp 433, 438.) In the case at bar, the illegal stop of the defendant provided the only reason to suspect him of criminally possessing a weapon. His subsequent arrest on that charge was therefore without probable cause and illegal.
The issue becomes whether an arrest, although made without probable cause, is nevertheless an “authorized arrest” and thus a predicate for an escape charge. Only two cases in New York have addressed the question of what constitutes an “authorized” arrest. In People v Tedesche (3 AD2d 220) the Appellate Division of this department found that the defendant was not in “lawful custody” because the arresting officer had acted contrary to the law at that time in arresting him for a misdemeanor not committed in his presence. (See Code Crim Pro, § 177, repealed 1970.) In People v Hebmann (54 Misc 2d 666) where a court without the power to do so issued a warrant for the arrest of the defendant, the reviewing court ruled that the defendant was not in “custody” when arrested pursuant to such a warrant.
The People argue that the holdings of these two cases should not be extended to a case like ours where the arrest *519 was not statutorily prohibited. They note that no New York court has so held. But, cases in other jurisdictions have held that where there is no probable cause to arrest there can be no prosecution for escape. (United States v McKim, 509 F2d 769 [Wisdom, J.], reh den 517 F2d 480; State of Nebraska v Schlothauer, 206 Neb 670, confirmed and mod 207 Neb 663; State of Nebraska v Dickson, 205 Neb 476; see, also, People v Paul, 147 Cal App 2d 609; Sugarman v State of Maryland, 173 Md 52.) The facts in McKim (supra) are similar to those here. McKim had been the victim of an illegal stop and search that had produced 60 pounds of marihuana. He was arrested on the spot, but prior to his arraignment before a magistrate he absconded. The court found that an arrest pursuant to an illegal stop was without probable cause and therefore not “lawful” for the purposes of the escape statute (US Code, tit 18, § 751, subd [a]) even though the police had acted in good faith. (United States v McKim, supra, at p 775.)
The People predict that dire results will follow from allowing citizens to avoid prosecution for escape from unauthorized arrests; they claim that this will encourage the use of force both to resist arrest and to escape; they argue that the validity of arrests should be tested in the courts, not in the streets. (See People v Briggs, 19 NY2d 37.) But there is no contention here that defendant resisted his arrest by force. Indeed, if he had, the question would be very different because section 35.27 of the Penal Law prohibits the use of physical force in resisting an arrest — whether lawful or unlawful.[2] However, escaping without force from an unauthorized arrest is quite another matter. The police should not be encouraged to make an illegal arrest. (Sugarman v State of Maryland, 173 Md 52, supra.) To permit a prosecution for escape, where there was no probable cause to arrest in the first place, might tend to increase the number of such arrests. An illegal arrest should not be the touchstone on which to base a subsidiary *520 charge which might “stick” when the primary charge fails. An unauthorized or illegal police action should not be so rewarded.
Accordingly, defendant’s motion to dismiss is granted.

. The direction to turn and face the wall was clearly not an arrest, but merely a stop. Under the rule of People v Cantor (36 NY2d 106, 111) a seizure not amounting to an arrest is made when “an individual is physically or constructively detained by virtue of a significant interruption of his liberty of movement as a result of police action”. Justice Preminger’s characterization of the police action to the point of the gun seizure closely follows the language of Cantor. She never referred to the seizure or stop of defendant as having constituted an arrest. (See, also, United States v Mendenhall, 446 US 544, 551, reh den 448 US 908.)

. Such resistance poses a danger to the safety of both the arresting officer and the public and cannot be countenanced. (People v Simms, 36 AD2d 23.) Whether an escape by force from an unauthorized arrest is punishable has not been decided in this State and there is very little authority on the question anywhere. (See 27 Am Jur 2d, Escape, Prison Breaking, and Rescue, § 8.)