THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY STEPHENS, Appellant. (Appeal No. 2.)—Judgment affirmed. Same memorandum as in *People v Stephens* ([Appeal No. 1], 122 AD2d 606).

All concur, except Green, J., who dissents and votes to reverse and dismiss indictment, in the following memorandum.

Green, J. (dissenting). While I agree that defendant's robbery conviction must be affirmed, I write separately to express my views regarding the perjury conviction and the prosecution on which that conviction was based. Whether conduct on the part of the prosecutor is so outrageous as to violate a defendant's right to due process of law necessarily is a question of degree *(see, Anti-Fascist Comm. v McGrath,* 341 US 123, 162 [Frankfurter, J., concurring]). But "there comes a time when enough is more than enough—it is just too much" *(Williamson v United States,* 311 F2d 441, 445 [Brown, J.,

concurring]) and, in my view, this is such a case. To sanction the perjury prosecution in this case would be paying mere lip service to the principle of due process of law *(People v Isaacson,* 44 NY2d 511, 523). The fact that defendant's perjury conviction resulted from his guilty plea does not prevent this court, in the interest of justice (CPL 470.15 [3] [c]), from reaching defendant's claim that his right to due process of law was violated by the prosecution of the perjury indictment because the right asserted is of constitutional dimension and questions the very integrity of the Grand Jury process *(see, People v Taylor,* 65 NY2d 1, 5; *People v Pelchat,* 62 NY2d 97, 105-107; *People v Rao,* 73 AD2d 88, 98).

Defendant was prosecuted for perjury based upon his testimony at a suppression hearing in which he successfully suppressed a statement he gave to the police. Defendant's claim at the suppression hearing was that his statement was the product of physical coercion and police brutality. Defendant testified that immediately following his arrest on the robbery charge, the arresting officers hit and kicked him in the stomach and groin, struck him on the head with a padded piece of leather and repeatedly hit him with a billy club. As a result of these beatings, defendant suffered loss of a tooth, facial scars and severe pain. The hearing court found defendant's testimony credible and suppressed defendant's statement on the ground that it was not freely and voluntarily given.

Of course, perjury is a serious crime and the fact that perjury may occur during the exercise of a defendant's right to suppress evidence does not excuse the crime. However, as in the instant case, when a defendant's credibility is tested before an experienced hearing court and measured against objective evidence of physical injury as well as the credibility of the arresting officers, and a decision is rendered in defendant's favor and his motion to suppress is granted, a subsequent prosecution for perjury based on the defendant's suppression hearing testimony suggests to me that the perjury indictment was the result of prosecutorial vindictiveness.

In his motion papers and at the hearing, defendant made no claim that he was deprived of his right to counsel. Nevertheless, some three months after the suppression hearing and prior to trial on the robbery indictment, the prosecutor indicted defendant for perjury. This indictment was based upon selective excerpts of defendant's suppression hearing testimony involving defendant's responses to cross-examination by the prosecutor on the extraneous issues of defendant's familiarity with his *Miranda* rights and the administration of the

*Miranda* warnings during the period when, as the hearing court found, he was physically beaten. At the time the perjury indictment was sought, the prosecution was well aware that the basis of the hearing court's decision granting defendant's suppression motion was the fact that his statement was involuntary, not that it was unknowing or made in the absence of counsel. Hence, it is clear that the evidence before the Grand Jury, relating to counts one and two based upon defendant's hearing testimony that the arresting officer told him he had no right to a lawyer, was legally insufficient to sustain the perjury indictment since defendant's answers, even if false, were not material to the proceeding in which they were made (Penal Law § 210.15; *People v Tyler,* 62 AD2d 136, 143-144, *affd* 46 NY2d 251; *cf. People v Davis,* 53 NY2d 164, 170-172). Moreover, to the extent that the perjury indictment was based on defendant's hearing testimony concerning police brutality (counts three and four), it was clearly insufficient given that the suppression court had already found defendant's testimony credible on this issue *(see, People v Plevy,* 67 AD2d 591, *affd* 52 NY2d 58; *People v Allah,* 111 Misc 2d 516).

There is another aspect to this case which troubles me. If the perjury indictment is allowed to stand, it would have a chilling effect upon other defendants who might forego their right to a suppression hearing in fear of being later indicted for perjury based on their testimony at the hearing *(cf. Simmons v United States,* 390 US 377). A defendant should not be penalized in retaliation for the exercise of a legitimate right *(see, Bordenkircher v Hayes,* 434 US 357, *reh denied* 435 US 918; *North Carolina v Pearce,* 395 US 711). As the Court of Appeals stated in a similar context, "[i]t is familiar doctrine that a prosecutor serves a dual role as advocate and public officer. He is charged with the duty not only to seek convictions but also to see that justice is done" *(People v Pelchat,* 62 NY2d 97, 105, *supra).*

On this record, it is apparent that the perjury indictment was the product of prosecutorial vindictiveness. Accordingly, in the interest of justice (CPL 470.15 [3] [c]) and notwithstanding defendant's plea *(People v Pelchat,* 62 NY2d 97, 108, *supra),* I would reverse that portion of the judgment convicting defendant of first degree perjury and dismiss the indictment on the ground that the prosecution violated defendant's right to due process of law *(People v Isaacson,* 44 NY2d 511, 524-525, *supra).* (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—perjury, first degree.) Present —Dillon, P. J., Callahan, Denman, Green and Pine, JJ.