873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George MALCOLM, Plaintiff-Appellant,
v.
Bob JONES, Mark Hayes, Russell Talerico, Joe Merendino,
Anthony Julian, Rodney B. Merrifield, Defendants-Appellees.
 No. 88-7294.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 27, 1989.
 
 George Malcolm, appellant pro se.
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Malcolm filed suit under 42 U.S.C. Sec. 1983. He contended in his complaint that he was falsely arrested, confined alone for twelve hours without food or water in a filthy and infested cell with no running water or toilet facilities, exposed to "noisome and noxious" odors, browbeat by the hearing judge into admitting he had picked up "parlay" cards, and wrongfully incarcerated for four days when he was late for an appellate hearing.
 
 
 2
 We first hold that Malcolm's allegations concerning actions by the hearing judges were properly dismissed by the district court. Judges are immune from damages for judicial acts unless done in clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Immunity is not lost because judicial action was taken in error, done maliciously, or exceeded authority. Stump, 435 U.S. at 356.
 
 
 3
 However, the district court erred in finding that the action was subject to the exhaustion requirement of 28 U.S.C. Sec. 2254 because it called into question Malcolm's arrest, incarceration, and conviction. A basic requirement for a habeas action is that the claimant must be in custody. See 28 U.S.C. Secs. 2241(c)(3) and 2254(a). In this case no sentence was apparently ever imposed on Malcolm. He alleged in his complaint that a fine was assessed and the case was dismissed because he had "served enough time for a misdemeanor." Where no custodial sentence was ever imposed, i.e., only a fine was assessed, and there is no possibility of detention, there is no federal habeas jurisdiction because the petitioner is not in custody. See Wright v. Bailey, 544 F.2d 737, 739 (4th Cir.1976), cert. denied, 434 U.S. 825 (1977).
 
 
 4
 Malcolm's remaining contentions will accordingly be addressed on the merits. Because Malcolm was detained for only twelve hours, his allegations concerning cell conditions and lack of food and water do not rise to the level of constitutional violations. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). While a claim of arrest without probable cause states a cause of action under Sec. 1983, Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir.1974), we hold that there was probable cause to arrest Malcolm since the record discloses that the officers observed that he had gambling cards in his possession.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 6
 AFFIRMED.