**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JASON R. CRADDOCK; DAVID J.
LYTLE,
<u>Plaintiffs-Appellants,</u>

v.                                                                      No. 96-1910

THE CIRCUIT COURT OF PRINCE
WILLIAM COUNTY, VIRGINIA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-96-628-A)

Submitted: February 25, 1997

Decided: April 17, 1997

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jason R. Craddock, David J. Lytle, Appellants Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jason R. Craddock and David J. Lytle appeal the district court's dismissal of their complaint as frivolous. Because the district court was without subject matter jurisdiction to consider this action, we affirm.

In 1992 Craddock and Lytle were convicted in the Circuit Court of Prince William County, Virginia, of trespassing at an abortion clinic. They were fined $2500 each. In May 1996, they filed the instant action, asserting that the trial judge erred in limiting evidence at trial. Craddock and Lytle contended that the court's rulings deprived them of their right to mount an effective defense. They sought declaratory relief, dismissal of their criminal case and vacatur of the fines, or remand for a new trial. Additionally, they moved for injunctive relief to prevent the court from collecting the fines. The district court dismissed the action with prejudice upon a frivolity determination.

Federal district courts and courts of appeals have no jurisdiction to review a final judgment of a state court that has acted in its judicial capacity. Such jurisdiction lies only with the United States Supreme Court. District of Columbia Court App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). In the subject case, Craddock and Lytle attempted to obtain review of a state court judgment in federal district court by framing their claim as a violation of the Constitution. Such an attempt flies in the face of Feldman.*

Because the district court lacked jurisdiction to entertain the claims, we affirm the dismissal of this action as frivolous. We dispense with oral argument because the facts and legal contentions are

_____

*The record does not suggest that Craddock or Lytle are, or ever have been, in custody; therefore, this action does not sound in habeas corpus. See 28 U.S.C. § 2254, amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; Wright v. Bailey, 544 F.2d 737, 740 (4th Cir. 1976).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3