UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4193

AIRRION CURTIS AGEE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-97-287)

Submitted: December 29, 1998

Decided: January 13, 1999

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Esther J. Windmueller, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Noelle M. Dalrymple, Special Assis-
tant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Airrion C. Agee appeals his conviction entered on his conditional guilty plea to possession with intent to distribute crack cocaine and a related firearms charge. See 21 U.S.C.§ 841 (1994); 18 U.S.C. § 924(c) (1994). Agee was stopped and eventually arrested after he failed to signal his right turn at an urban intersection. During the traffic stop, the investigating officer decided to conduct a pat-down search of Agee's person. When the officer inquired as to the nature of a lump in Agee's pocket, Agee slapped the officer's hand away. The officer arrested Agee for resisting a law enforcement official. The search of Agee's car incident to his arrest yielded crack cocaine, marijuana, and a nine millimeter pistol and ammunition. Before entering his guilty plea, Agee moved to suppress the evidence discovered as a result of this search.

On appeal, as in his motion to suppress, Agee contends that the police officer's decision to stop him violated his Fourth Amendment rights. He suggests that the district court erred in declining to suppress the evidence discovered incident to his arrest because the arresting officer lacked a "reasonable articulable suspicion" to stop him. In support of this position, Agee argues that his failure to signal his right turn at the intersection did not violate any traffic ordinance. Agee places special emphasis on the fact that the state circuit court dismissed the traffic charge against him. In addition, Agee claims that the officer exceeded the bounds of the Fourth Amendment in conducting the pat-down search. Agee contends that there was no evidence to lead to a reasonable conclusion that he might have been armed and dangerous. Finally, Agee claims that the district court erred in declining to suppress the results of the officer's search of his pocket because the nature of the contraband hidden there was not"immediately apparent" from the arresting officer's pat-down search. Because we find no merit to any of Agee's contentions, we affirm his conviction and sentence.

The district court did not err in declining to suppress evidence seized from Agee's person and car following the traffic stop. We review legal conclusions involved in the district court's suppression

2

determination de novo, but review factual findings underlying the legal conclusions for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A traffic stop by a police officer is a seizure under the purview of the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 809-10 (1996). Consequently, evidence obtained from a traffic stop in violation of the Fourth Amendment would be inadmissible as "fruit of the poisonous tree." See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). A vehicle is subject to a traffic stop if an officer has probable cause to believe that a traffic violation has occurred. See Whren, 517 U.S. at 810. An officer has probable cause to stop a vehicle if he or she "objectively has a reasonable basis for believing that the driver has breached a traffic law." United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996).

At the suppression hearing, the arresting officer testified that he believed that Agee had made an improper right turn by failing to signal that turn. The Virginia statute governing a driver who intends to turn states that a driver is required to signal "whenever the operation of any other vehicle may be affected" by the turn. Va. Code Ann. § 46.2-848 (Michie 1996). Agee contends that because the officer presented scant evidence that the operation of other vehicles was affected, the officer lacked probable cause to effect the traffic stop. The language, "may be affected," in the statute is open to reasonable differences in interpretation, as evidenced by the disagreement between the state general district court, which convicted Agee on the charge, and the state circuit court, which overturned the conviction.

Agee suggests that the statute places the burden on the Government to establish that vehicles might have been affected by Agee's failure to signal. While this is undebatably true for a conviction for a moving violation, the inquiry regarding probable cause is markedly different. The question is not so much, as Agee contends, whether he actually committed a violation of the statute. The state court concluded he did not. Rather, the question is whether the officer who stopped his vehicle had probable cause to believe that a traffic violation had occurred. See Whren, 517 U.S. at 809-10.

The district court did not err in concluding that probable cause existed. We note that "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause."

3

United States v. Spinelli, 393 U.S. 410, 419 (1969). Because the evidence is uncontroverted that there were other vehicles in the area of Agee's unannounced right turn, including the officer's squad car, there existed at least the probability that one of them "may [have been] affected" by Agee's turn. The arresting officer's probable cause for the stop was reasonably premised on this probability. The fact that the state court ultimately concluded that the Government failed to prove beyond a reasonable doubt that any of the other vehicles were actually affected is of no constitutional moment in the search for the existence of probable cause. There is no merit to Agee's contention that the initial traffic stop was not supported by probable cause.

Agee next suggests that even if this court finds that the stop of the car did not violate his Fourth Amendment rights, the pat-down search did. Police officers confronting citizens on the street in objectively suspicious circumstances may, without probable cause, conduct a limited search--a frisk or pat down--for weapons when a reasonably prudent officer in similar circumstances would believe that his safety or the safety of others was in danger. See Terry v. Ohio, 392 U.S. 1, 27 (1968). The search should occur under circumstances where the officer "observes unusual conduct which leads him reasonably to conclude . . . that criminal activity may be afoot and that the persons with whom he is dealing may be armed and dangerous." Id. at 30. Agee stresses the Terry opinion's use of the word"unusual" and contends that none of Agee's conduct on which the Government attempts to rely is unusual in the context of a traffic stop. See id. As a result, contends Agee, the subsequent pat down was illegal.

A pat-down search requires an articulable, reasonable suspicion on the part of the officer. See id. at 27. In this court, "[r]easonable suspicion is a commonsensical proposition . . . crediting the practical experience of officers who observe on a daily basis what transpires on the street." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993). Agee suggests that the officer's testimony that Agee appeared nervous does not qualify as grounds for a reasonable conclusion that he was armed and dangerous. However, the evidence of record shows that the officer's suspicion was based on more than Agee's mere nervousness. The arresting officer testified at the suppression hearing that Agee was shaking noticeably and unable to speak coherently. In addition, when the officer ordered Agee out of his car, Agee exited

4

the vehicle awkwardly and in such a manner as to thwart the officer's ability to see into the car as Agee got out. See United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998). Agee then told the officer he could not search Agee's car and thrust both hands deep into his own pockets. When the officer asked Agee to remove his hands from his pockets, Agee was reluctant to bring out his right hand, and moved it around in his pocket. We have no difficulty concluding that on all of the evidence, the officer relied on a reasonable suspicion that Agee was armed when the officer initiated the pat-down search. Agee's contention to the contrary is without merit.

Finally, Agee contends that when the arresting officer reached to remove an unknown object from Agee's pocket, because the identity of the object was not immediately apparent, the officer was not entitled to attempt to remove it. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). In attempting to justify his decision to slap the officer's hand away from his pocket, Agee suggests that he had a right to resist the unlawful search. Cf. Wright v. Bailey, 544 F.2d 737, 740 n.4 (4th Cir. 1976). Agee's contention is not supported by the district court's findings of fact regarding the sequence of events leading up to Agee's arrest. The district court found that during the pat down, the arresting officer felt what he thought, based on his experience, was cocaine. The court found that the officer then asked Agee what was in his pocket. At that point, Agee slapped the officer's hand away. Agee's violent act gave the officer probable cause to arrest Agee for interfering with an officer in the performance of his duties.

Importantly, the district court did not find that the arresting officer reached into Agee's pocket to attempt to remove the object the officer identified as cocaine before the officer possessed probable cause to arrest Agee for his interference with the officer's duties. Agee has made no attempt to show that the district court's findings of fact regarding the sequence of events was clearly erroneous. See Rusher, 966 F.2d at 873; see also United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948) (defining standard). As a result, we find no error in the district court's conclusion that the officer's search of Agee's pocket was a legal search incident to Agee's arrest. See United States v. Edwards, 415 U.S. 800, 807-09 (1974).

Finding no merit to any of Agee's assignments of error on appeal, we affirm the conviction and sentence. We dispense with oral argu-

5

ment because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED