*650 OPINION OF THE COURT
Thomas J. DiSalvo, J.
Facts of the Case
The defendant, Angela J. Dailey, was charged with disorderly conduct, in violation of Penal Law § 240.20 (2), a violation, and resisting arrest in violation of Penal Law § 205.30, a class A misdemeanor. It is alleged in the disorderly conduct complaint that on March 2, 2003 at approximately 3:36 a.m. on East Krieger Road in the Town of Webster, the defendant “did start to yell and make unreasonable noise, using obscene language on an exterior porch of an apartment building, was told several times to please lower her voice, defendant refused.” In the second complaint, which charged the defendant with resisting arrest, it is alleged that on the same date, time and place the defendant “Did attempt, to prevent herself from being placed under lawful arrest for Disorderly Conduct. The defendant did refuse to place her hands behind her back, and attempted to pull away from your complainant.”
The defendant was arraigned later that morning where bail was set in the amount of $500 cash or $1,000 bond. On March 7, 2003 the defendant was released on her own recognizance and the matter was adjourned for appearance of counsel to April 2, 2003. On that date the defendant appeared with her attorney. On May 7, 2003 defense counsel served motions on the prosecution. The matter came on for argument of motions on June 4, 2003. At that time the defense raised two issues. First, the defense alleged that the accusatory instrument accusing the defendant of disorderly conduct was legally and factually insufficient. Second, the defense argues, that since the arrest for the charge of disorderly conduct was improper, the arresting officer did not have authority to arrest the defendant for resisting arrest.
Issues Presented
Was the accusatory instrument charging the defendant with disorderly conduct legally and factually sufficient?
Should the charge of resisting arrest be dismissed if the accusatory instrument charging disorderly conduct was legally and factually insufficient?
*651 Legal Analysis
A. Disorderly Conduct as Defined by Penal Law § 240.20 (2)
The defendant was charged with disorderly conduct, to wit: Penal Law § 240.20 (2), which states:
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
“(2) He makes unreasonable noise.”
The law does not define the term “unreasonable noise.” Therefore one must defer to the intent of the statute in question. The Court of Appeals in People v Tichenor (89 NY2d 769, 773-774 [1997]) reaffirmed its prior holding by stating that
“In People v Munafo (50 NY2d 326 [1980]), this Court stated that ‘[disorderly conduct is á statutory creation. Intended to include in the main various forms of misconduct which at common law would often be prosecuted as public nuisances * * * [A] common thread that ran through almost all of this legislation was a desire to deter breaches of the peace or, more specifically, of the community’s safety, health or morals * * * And, although it has always been difficult to essay any precise definition of “breach of the peace” * * *, this court has equated that term with “public inconvenience, annoyance or alarm”, the governing phrase of our current disorderly conduct statute’ (id., at 330-331 [citations omitted; emphasis added]).”
The allegations in the instant case, as set out in the complaint, make no reference to a public nuisance. The sine qua non of the offense in question is an “intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof’ (Penal Law § 240.20). In fact, said complaint makes no reference to the number of individuals present at the time of the arrest. No indication is given as to whether or not anyone other than the arresting officer was present. There is an allegation that the defendant “was told several times to please lower her voice, defendant refused.” Nevertheless, no other information was provided as to whether defendant’s voice caused any public disturbance, such as a third party complaining about a disturbance or loud noises. The allegations that the defendant “started to yell and make unreasonable noise” are conclusions unsupported by any evidence of their effect on individuals not involved in the situation. Again, the allegation *652 that the defendant used “obscene language” is not only a conclusion, but said language is not prescribed by the subdivision in question. Nor is the court assisted by the presentation of a supporting deposition. Thus the court is left with only the face of the complaint to consider. The only way the court could hold that the People have established a prima facie case would be to speculate using unsworn documents such as the crime investigation report. The court is constrained from so doing based on Criminal Procedure Law § 100.15 (3), which states the requirement that when a misdemeanor complaint is used to charge a defendant, “The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.” This complaint fails to meet that standard as same is established by prior case law, since no reference as to a public disturbance is made. In fact, one could conclude from the complaint that only the arresting officer and the defendant were present at the scene and that no one else was affected by the situation.
Criminal Procedure Law § 100.40 (4) states:
“A misdemeanor complaint or a felony complaint, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and “(b) The allegations of the factual part of such accusatory instrument and/or any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.”
The misdemeanor complaint herein fails to comply with subdivision (b), since without any reference to a public disturbance, the court is unable to conclude that the “defendant committed the offense charged.”
The fact that the instant misdemeanor complaint fails to comply with both CPL 100.15 (3) and 100.40 (4) is not a mere technicality. A complaint which does not meet the standard set out by those provisions renders same a nullity. (People v Alejandro, 70 NY2d 133 [1987].) Although, defendant’s actions may have been objectionable, the complaint in question cannot stand without a supporting deposition setting out the surrounding circumstances. As a result, the motion to dismiss the complaint as being insufficient on its face is hereby granted.
*653 B. Resisting Arrest — Penal Law § 205.30
The next question before this court is whether or not the charge of resisting arrest must be dismissed, because the underlying charge of disorderly conduct was dismissed. Penal Law § 205.30 states that “A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” Penal Law § 35.27 states that “A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer or peace officer when it would reasonably appear that the latter is a police officer or peace officer.” Obviously, the key phrase in the resisting arrest statute, Penal Law § 205.30, is “authorized arrest.” However, the issue is not whether the underlying accusatory instrument, charging the defendant with an offense, is sufficient on its face. Instead, it goes to whether or not the officer had any basis, i.e., reasonable or probable cause, to arrest the defendant. Based on the lack of facts set out in the complaint, it is not possible to determine if the police had reasonable cause to arrest, as that term is defined by CPL 70.10 (2), for the underlying charge of disorderly conduct, by simply reviewing that complaint. However, it is possible that the arresting officer did have said reasonable cause to arrest the defendant for disorderly conduct, but failed to prepare a complaint that complied with CPL 100.15 and 100.40.
In People v Simms (36 AD2d 23, 24-25 [1971]), the Court of Appeals stated that:
“In a consideration of the legislative intent, we are persuaded by the well-found logic and reasoning in the practice commentary (McKinney’s Cons. Laws of N.Y., Book 39) following this section (Penal Law, § 35.27) wherein it is stated that: The rationale of this so-called “no sock” principle is that to authorize or encourage a person to engage an arresting officer in combat because of a difference of opinion concerning the validity of the arrest being effected or attempted produces an unhealthy situation; that orderly procedure dictates peaceful submission to duly constituted law enforcement authority in the first instance; and that if it develops that the officer was in error and the arrest unauthorized, ample means and opportunity for remedial action in the courts are available to the arrestee.’ Obviously this statute is designed to protect the physical safety of the average citizen as well as that of the peace offi *654 cer, and quite properly discourages altercations and eliminates the risk of injury. We are, of course, mindful of the presumption that the Legislature has investigated and found a constitutional and factual basis necessary to support the statute (Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413, 415 [1956]).”
Penal Law § 35.00 states that “In any prosecution for an offense, justification, as defined in sections 35.05 through 35.30, is a defense.” Thus, Penal Law § 35.27 which prohibits the use of force in resisting an arrest is a defense for which the People bear the burden of disproving. In People v Steele (26 NY2d 526, 528 [1970]), the Court of Appeals held that “Justification is a ‘defense’ (revised Penal Law, § 35.00) — as opposed to an ‘affirmative defense’ — and ‘the people have the burden of disproving such defense beyond a reasonable doubt’ (revised Penal Law, § 25.00).”
In People v Peacock (68 NY2d 675, 677 [1986]), the Court held that the People had no probable cause to arrest the defendant. As a result, the defendant could not be found guilty of resisting arrest. The Court stated “Penal Law § 35.27, as its title indicates, is concerned with the defense of justification and does not amend Penal Law § 205.30 to make resisting arrest to an unauthorized arrest an offense.” (Id. at 677.)
Therefore, the issue is not whether the charge of resisting arrest must be dismissed if the accusatory instrument relative to the underlying charge of disorderly conduct is insufficient as to form. Instead, the issue is whether the arrest was authorized. In other words the issue is whether the officer had reasonable or probable cause to make the arrest for disorderly conduct. The only way to make that determination is to have a hearing on the issue. As a result, the defense motion to dismiss the charge of resisting arrest, based on the dismissal of the charge of disorderly conduct, is hereby denied. Instead, the matter is set down for a probable cause hearing to determine if the arrest for disorderly conduct was in fact “authorized” as that term is used in the resisting arrest statute, i.e., Penal Law § 205.30. At that hearing the People will have the burden of proof as to whether the police had probable or reasonable cause to arrest the defendant for disorderly conduct. The fact that the accusatory instrument charging the defendant with disorderly conduct was defective in form does not necessarily *655 mean that actual facts leading to the arrest were in fact insufficient pursuant to CPL 70.10 (2) to have provided the officer with “reasonable cause” to believe the defendant committed the violation of disorderly conduct.